**LEX MAYERS CHEVROLET CO., INC., Plaintiff-Appellant, v. BUCKEYE FINANCE COMPANY, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5872. Decided May 20, 1958.

Frank B. McClelland, Columbus, for plaintiff-appellant.
Phillip V. Stout, Columbus, for defendant-appellee.

## OPINION

By PETREE, PJ.

This is a law appeal from the judgment of the Municipal Court for the defendant, appellee herein, for costs.

Plaintiff, appellant herein, claims damages from the appellee by reason of the following facts. It took an assignment from one Gerald M. Phenice and allowed said Gerald Phenice the amount of $880.63 as trade-in value for a 1954 Harley-Davidson motorcycle on which there was a balance due to Buckeye Finance Company, appellee herein, in the total amount of $90.63, which included the full amount of the motorcycle and insurance on said motorcycle. A net credit of $790.00 was applied in favor of Gerald M. Phenice on an automobile which he purchased from appellant.

Appellant called appellee to ascertain the balance due. was informed that it was $90.63, sent a check which was cashed by appellee in about three days.

The stepfather of Gerald Phenice, Mr. Ralph Martin, had taken the title to the motorcycle in his own name but had signed a blank power of attorney, and the same was turned over to appellant. Ralph Martin claims no interest in the motorcycle and is not requesting that certificate of title be made in his name. However, a memorandum certificate of title had been issued in the name of Ralph Martin at the time the purchase was made, August 16, 1955,

The account was carried by the appellee company in the name of Gerald Phenice, according to appellant's Exhibits 3 and 4, Exhibit 3 being the amount of payments on the loan and Exhibit 4 being the amount of payments on the insurance contract, except, in each case, the last payment, which was made by the appellant.

After accepting the money for the final payment on the insurance and the motorcycle from the appellant, appellee kept the certificate of title and levied on the motorcycle. It was sold on execution for $420, which appellee finance company retained and credited itself upon an account entirely foreign to this motorcycle transaction, an unsecured loan of Ralph Martin, stepfather of Gerald Phenice.

The evidence shows that Gerald Phenice became twenty-one years of age before he traded in the motorcycle to appellant company; that he was assured by Sam N. Alfred, President of the Buckeye Finance Company, before making an assignment to appellant company, that as long as he made the payments on the motorcycle and paid the money, they could not take his "bike" from him (page 25 of the record); that the Buckeye Finance Company accepted the payments from Gerald M. Phenice, except the last payment, which was made in his behalf by the appellant company.

By the course of action of the appellee in accepting the payments of Gerald Phenice on the motorcycle and the account on which he was paying after he was twenty-one years of age, and in assuring him that he would not lose his motorcycle as long as he made payments, the appellee company should not now be permitted to take unfair advantage of Gerald Phenice by levying on said motorcycle and keeping the $420.00 which it brought on execution.

The appellee company cannot lull this appellant to sleep by encouraging him to leave the motorcycle in the name of his stepfather after the appellant was twenty-one years of age, accept the money in full on the motorcycle from him and his assignee, the appellant herein, and then collect over again $420.00 by the sale of the motorcycle which appellee wrongfully left in the name of Ralph Martin.

If, as the trial court said, "Gerald Phenice after becoming twenty-one could have had the title transferred to his name by that regular method," it seems only fair to require appellee to respond in damages to appellant for refusing to accord it the rights of Gerald Phenice that it has acquired by assignment. The position of the appellant is strengthened in his suit for damages by the fact that appellee accepted $90.63 from the appellant and kept this amount also.

Appellee finance company having accepted payment in full for the motorcycle in question from Gerald Phenice and his assignee for value, the appellant herein, under the conditions set out in the foregoing paragraphs of this opinion, appellee is estopped to deny the rights of the appellant. As a consequence, appellee must respond in damages in the amount of $880.63.

**20 O. Jur. 2d, Paragraph 28, at Page 489,** is in point. It reads as follows:

"The purpose of equitable estoppel is to prevent actual or construc-

tive fraud, and the doctrine should always be so applied as to promote the ends of justice. In determining its application the counterequities of the parties are entitled to due consideration. The doctrine is available only in defense of a legal or equitable right or claim made in good faith, and can never be used to uphold crime, fraud, injustice, or wrong of any kind."

From 20 O. Jur. 2d, §31, at Page 494:

"An estoppel arises when one is concerned in or does an act which in equity will preclude him from averring anything to the contrary, as where another has been innocently misled into some injurious change of position."

This quotation is from the last five lines of the text on that page.

Since the appellant has advanced in cash and credit the amount of $880.63 for the motorcycle in question, to which it was entitled and which was taken from its possession and sold by the appellee, the judgment of the trial court should have been for the appellant in the amount of $880.63. The appellant's assignment of error is well taken. Judgment will be reversed and cause remanded with instructions to enter judgment in accordance with this opinion.

Judgment reversed.

BRYANT and MILLER, JJ, concur.