First National Bank of Middletown, Appellee, v. Gregory et al., Appellants.

(No. CA-321—Decided November 21, 1983.)

Messrs. *Frost & Jacobs* and *Mr. Thomas A. Swope,* for appellee.

*Mr. Fred Miller* and *Mr. Henry A. Masana,* for appellants.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Preble County.

On January 30, 1975, defendant-appellant John M. Gregory established an inter vivos trust, naming plaintiff-appellee, First National Bank of Middletown (hereinafter "the bank"), as trustee. Under the terms of the trust agreement, Gregory was to receive the trust income for life. Upon his death, his wife was to receive one half of the principal and accumulated income. The remaining one half was to be equally divided among Gregory's children, with each child receiving his or her proportionate share upon reaching the age of thirty-five. Gregory had ten children at the time the trust was established.

Prior to setting up the trust, Gregory owned a farm which he divided into several parcels. He sold these parcels to various purchasers through the use of land contracts. Among the vendees were a number of Gregory's children. After the trust had been established, Gregory delivered the land contracts to the bank with instructions for the bank to collect the payments on the contracts as part of the trust income. The bank wrote to Gregory's attorney on November 4, 1975 and requested delivery of "the new deeds and the assignments on the land contracts as soon after they are recorded as possible."

On May 14, 1976, Gregory and his wife executed a note in the amount of $105,000, naming the bank as the payee. The note was secured with a mortgage on real estate owned by the Gregorys. Gregory informed the bank that payments on this note were to be made out of the income generated by the trust. Aside from the payments received on the land contracts, the trust itself produced very little income. The bank accepted the land contract payments on behalf of Gregory and, in accordance with his instructions, applied the payments towards the satisfaction of the Gregorys' mortgage obligation.

Several of the vendees soon began to fall behind on their contract payments. On February 22, 1977, the bank wrote to Gregory to remind him that the land contracts still had not been assigned to the bank as trustee and that until the transfer was completed, the bank could not take any legal action to enforce payments on the contracts. By March 1977, the vendees were still delinquent and, without the contract receipts, the trust was no longer generating a sufficient amount of income to satisfy the Gregorys' mortgage payments. When the arrearages on the note began to develop, the bank notified Gregory of the deficiency.

In a letter dated May 19, 1977, Gregory informed the bank that he was cancelling its authorization to handle the collection of the land contract payments. Gregory terminated the January 30, 1975 trust agreement in a follow-up letter two months later.

The bank subsequently filed suit against the Gregorys to foreclose on the note and mortgage. They responded by filing a counterclaim against the bank, alleging that the bank was derelict in its duty as trustee in "permitting substantial arrearages to accrue" on the land contracts, making it impossible to meet payments on the mortgage note. The trial court found that the Gregorys had defaulted on the note and that the bank was entitled to foreclose on the mortgage. The court further found that the bank had not breached any of its fiduciary duties as trustee relating to the trust ageement of January 30, 1975. Judgment was rendered on behalf of the bank and the Gregorys filed a notice of appeal.

Appellants present one assignment of error which reads as follows:

"The trial court erred to the prejudice

of the defendant[s]-appellant[s] when it found that the trustee did not breach any fiduciary duty to the defendant[s]."

The position taken by appellants in regard to this issue is that the bank, in its position as trustee, breached its fiduciary duty to preserve and protect the trust *res* by failing to enforce and collect payments on the land contracts. Appellants argue that in failing to enforce the land contracts against the vendees, the trustee improperly permitted the trust *res* to deteriorate, which resulted in insufficient funds from which appellants' mortgage payments could be satisfied on schedule.

One of the cardinal elements of a valid express trust is a trust *res*. *In re Estate of Ternansky* (App. 1957), 76 Ohio Law Abs. 203 [4 O.O.2d 329]. The trustee is under a duty to preserve and protect the corpus of the trust. *In re Estate of Fiorelli* (App. 1956), 74 Ohio Law Abs. 38; *Bd. of Edn.* v. *Unknown Heirs of Aughinbaugh* (1955), 99 Ohio App. 463, 471 [59 O.O. 267]. However, a primary requirement is that the trustee must first be vested with title to the trust *res*. The Supreme Court stated in *First Natl. Bank of Cincinnati* v. *Tenney* (1956), 165 Ohio St. 513, 518 [60 O.O. 481], that "* * * [i]n order for a trust to be a trust, the *legal title of the res must immediately pass to the trustee * * *.*" (Emphasis added.) In creating the trust, there must be a declaration of trust, accompanied with an intention to create a trust, followed by an actual conveyance or transfer of property. *Cleveland Trust Co.* v. *White* (1938), 134 Ohio St. 1 [11 O.O. 377]; *Ulmer* v. *Fulton* (1935), 129 Ohio St. 323, 339-340 [2 O.O. 326].

In the case at bar, appellants argue that the land contracts were part of the *res* of the trust established with the bank. Appellants acknowledged that there was never any formal assignment of the contracts to the bank. The bank's correspondence to Gregory and his attorney indicate that the land which was the subject of the contracts was never conveyed to the bank and that the bank never received a deed for the land. Thus, legal title to the real estate itself was never conveyed to the trustee since "[t]he law is well settled that the title to real estate is conveyed and transferred by delivery of [a] deed * * *." *Kern* v. *Gardner* (1925), 26 Ohio App. 48, 52, affirmed (1926), 115 Ohio St. 575.

Appellant John M. Gregory failed to formally assign the land contracts to the bank in its capacity as trustee. An interest granted in real estate is required to be in writing. R.C. 1335.04. This requirement extends to the assignment of interests in land contracts. (Cf. R.C. 5301.331.) Gregory's sole act of physically delivering the land contracts to the bank with the instructions to collect the payments was insufficient to constitute an assignment to the bank of all the rights and privileges appurtenant thereto.

There having been no conveyance by deed of the real property and no formal written assignment of the land contracts, the bank never had legal title to the land contracts or the real property. Absent such title, the bank was incapable of enforcing the contracts against the vendees. Thus, neither the land contracts nor the land itself was part of the trust *res* since legal title never vested in the trustee. The actions taken by the bank did not amount to a breach of its fiduciary duty to protect the trust *res*. Accordingly, appellants' sole assignment of error is overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., JONES and YOUNG, JJ., concur.

YOUNG, J., of the Court of Common Pleas of Warren County, sitting by assignment in the Twelfth Appellate District.