SHAHEEN, Appellee,

v.

VASSILAKIS et al., Appellants.

[Cite as *Shaheen v. Vassilakis* (1992), 82 Ohio App.3d 311.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 60192, 60215.

Decided July 27, 1992.

**312**

*Gerald K. Carlisle,* for appellee.

*Lambros & Lambros Co., L.P.A.,* and *Neal M. Jamison,* for appellants, George B. Vassilakis et al.

*Irwin S. Haiman* and *Jeffrey A. Huth,* for appellant, Joanna Xifaras.

---

NAHRA, Judge.

George B. Vassilakis and Peter Economou, defendants-appellants, appeal the trial court's order of October 21, 1988 granting summary judgment on behalf of Carl Shaheen, plaintiff-appellee, for the specific performance of a real estate purchase agreement. In addition, Joanna Xifaras, defendant-appellant, separately appeals the trial court's order of June 4, 1990 granting summary judgment on behalf of Shaheen for the specific performance of a real estate agreement.

Xifaras and Vassilakis were married on August 22, 1964. During the marriage, Vassilakis and Xifaras purchased two parcels of real property in Strongsville, Ohio.

On January 31, 1984, Vassilakis and Xifaras were granted a divorce in the Domestic Relations Division of the Cuyahoga County Court of Common Pleas. The divorce judgment contained a separation agreement; the separation agreement included a trust agreement pertaining to the Strongsville property. The separation agreement states in pertinent part:

"Husband and Wife agree that the real property situated at 10252 West 130th Street, Strongsville, Ohio and 13301 Jacque Road, Strongsville, Ohio * * * shall be placed in an irrevocable trust for the benefit of the children of the parties, to wit: Vasilios (Bill) Vassilakis and Irene Vassilakis. A copy of said trust agreement is attached hereto and made a part hereof and marked Exhibit D."

The trust agreement, dated December 16, 1983 and executed on January 30, 1984, provides in pertinent part:

"We have assigned, transferred, and delivered property to the trustee and/or designated the trustee as beneficiary of the sale of real estate, which property is described in the attached Schedules A and B. In consideration of the mutual covenants herein, it is agreed that all rights of the trustee in said property and/or as beneficiary of the sale proceeds * * * shall be held by the trustee, in trust, for the purposes hereinafter set forth."

The trust agreement further provided:

"(b) * * * The Trustee is empowered to sell, lease, exchange or otherwise dispose of any part or all of the trust property at such prices and on such terms and conditions as the Trustee shall deem advisable * * *."

Economou was designated trustee of the *inter vivos* trust.

The separation agreement also provided:

"Each party shall execute any and all deeds, bills of sale or other documents and perform any act which may be required or necessary to carry out, and effectuate, any and all of the purposes and provisions herein set forth."

The judgment entry dissolving the Vassilakises' marriage provided:

"It is further Ordered, Adjudged, and Decreed that the Separation Agreement attached hereto, marked Exhibit A, be incorporated herein as if fully rewritten and its terms ordered into execution."

Despite the language of the judgment entry, no deeds to the Strongsville property which formed the basis of the trust were delivered to Economou, the trustee.

On April 13, 1987, Vassilakis and Economou entered into a written agreement with Shaheen for the sale of the two parcels in question for $220,000. Shaheen performed or tendered performance of all his duties under the contract. However, Vassilakis and Economou refused to perform under the contract. Xifaras was not a signatory to the real estate purchase agreement.

On July 7, 1987, Shaheen filed a complaint against Vassilakis and Economou, trustee, seeking specific performance of the real estate purchase agreement. Vassilakis and Economou filed an answer; summary judgment motions were filed by both parties. On October 20, 1988, the trial court granted summary judgment for Shaheen when it stated:

"The court finds that the trust and the POA were valid and gave the trustee and agent the power to contract for the sale of the property in question. Therefore the court finds the contract to be valid and enforceable. Thus defendant's motion for summary judgment is denied and the plaintiff's motion for summary judgment is granted. The plaintiff is given specific performance. Final."

On December 20, 1988, Vassilakis and Economou filed a motion for relief from judgment pursuant to Civ.R. 60(B). On April 12, 1989, the trial court denied their motion for relief. No notice of appeal was ever filed by Vassilakis and Economou of the trial court's final judgment of October 20, 1988 or from the trial court's denial of the motion for relief from judgment on April 12, 1989.

On June 9, 1989, Xifaras filed a motion to intervene and a motion for relief from judgment. On December 5, 1989, Shaheen filed a motion for summary judgment which sought specific performance of the real estate purchase agreement by Xifaras.

On June 4, 1990, the trial court granted Xifaras' motion to intervene and her motion for relief from judgment. On the same day, the trial court also granted Shaheen's motion for summary judgment for specific performance against Xifaras. In effect, Xifaras was bound to perform her obligation under the divorce decree to put property into the trust and to convey it pursuant to the purchase agreement.

The trial court gave notice to all the parties of its June 4, 1990 grant of summary judgment on July 10, 1990. On July 25, 1990, Xifaras filed her notice of appeal of the June 4, 1990 order. On July 27, 1990, Vassilakis and Economou filed a separate notice of appeal.

On October 25, 1990, this court consolidated the two separate appeals for purposes of the record, briefing, hearing, and deposition. This appeal follows.

I

Vassilakis and Economou raised four assignments of error.[1] However, we must address initially Shaheen's motion to dismiss the appeal of Vassilakis and Economou as well as Shaheen's motion for attorney fees/costs as a result of a frivolous appeal. Shaheen maintains that this court does not have jurisdiction to hear the appeal since Vassilakis and Economou failed to file an appeal timely from the trial court's order of October 21, 1988. Shaheen asserts that the trial court's final judgment of October 21, 1988 granting summary judgment against Vassilakis and Economou was not rendered an interlocutory order when the trial court granted Xifaras' motion to intervene and motion for relief from judgment.

The trial court's grant of summary judgment in favor of Shaheen on October 21, 1988 and the denial of Vassilakis and Economou's motion for relief from judgment on April 12, 1989 were final appealable orders. R.C. 2505.02. Pursuant to App.R. 4(A), Vassilakis and Economou were required to file an appeal within thirty days of entry of the orders.[2] The respective deadlines for filing such notices of appeal were November 20, 1988 and May 12, 1989. Neither of these deadlines was met by Vassilakis and Economou. As a result, Shaheen's motion to dismiss their appeal is granted. App.R. 4(A)A.

 The issue of whether the final order of summary judgment as entered on October 22, 1988 against Vassilakis and Economou was transformed into an interlocutory order as a result of the trial court's grant of Xifaras' motion to intervene and motion for relief appears to be one of first impression. No case law in Ohio or elsewhere addresses this issue squarely. However, we are guided by the principle that every case must have a finality and that once a judgment has been entered it should not be disturbed. App.R. 4(A) provides that an appeal must be taken within thirty days of the trial

---

1. Such assignments of error state:
 "I. The trial court erred in finding that the trust had been created for the reason that there had been no conveyance of the real property to the trustee.
 "II. The trial court erred in ordering specific performance of the purchase agreement for the reason that said agreement was voided by the failure of the real estate agent to disclose his representation of both parties.
 "III. The trial court erred in ordering specific performance of the purchase agreement for the reason that said agreement was voided by the failure of the buyer to timely tender his earnest money.
 "IV. The trial court erred in granting plaintiff's motion for summary judgment for the reason that there are genuine issues of material facts."

2. We note that the filing of a motion for relief from judgment is not a substitute for an appeal. *State ex rel. Pendell v. Adams Cty. Bd. of Elections* (1988), 40 Ohio St.3d 58, 531 N.E.2d 713; *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 23 O.O.3d 551, 433 N.E.2d 612.

court's entry of a final appealable order. The thirty-day limit is tolled only by the filing of the following motions: a Civ.R. 50(B) motion for judgment notwithstanding the verdict; a Civ.R. 59 motion for a new trial; a Civ.R. 53(E)(7) motion to vacate; and a Civ.R. 52 motion for findings of fact and conclusions of law. See *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105; see, also, *State ex rel. Pendell v. Adams Cty. Bd. of Elections* (1988), 40 Ohio St.3d 58, 531 N.E.2d 713. Since none of these motions was filed, the thirty-day limit as mentioned above was not tolled.

While Shaheen's motion to dismiss the appeal of Vassilakis and Economou is granted, Shaheen's motion for attorney fees and costs is denied. We do not believe that their appeal was frivolous. App.R. 23; *Talbott v. Fountas* (1984), 16 Ohio App.3d 226, 16 OBR 242, 475 N.E.2d 187.

## II

Xifaras has raised three assignments of error. Her first and second assignments of error are interrelated and shall be examined together. They state:

"1. The trial court erred in ordering specific performance of the contract of sale against Mrs. Xifaras where no deed conveying the property to the purported trust was ever executed by Mrs. Xifaras.

"2. The trial court erred in ordering specific performance of the contract of sale against Mrs. Xifaras where Mrs. Xifaras, a tenant in common, was not a party to the contract of sale."

Summary judgment will be rendered in a case when "there is no genuine issue as to any material fact * * * and the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). Summary judgment disposition is appropriate when reasonable minds can come to but one conclusion after reviewing the evidence and that conclusion is adverse to the nonmoving party. Civ.R. 56(C).

Xifaras contends that the trial court erred by entering judgment in favor of Shaheen for specific performance. Xifaras asserts that there was no valid *inter vivos* trust, since Xifaras and Vassilakis had failed to transfer the deeds to the property into the trust. As a result, the trustee, Economou, lacked the authority to sell the two parcels of real estate to Shaheen. We disagree.

To create an *inter vivos* trust, the following requirements must be fulfilled: a declaration of a trust, the intention to create a trust, and an actual conveyance or transfer of property to the trust. *First Natl. Bank of Middletown v. Gregory* (1983), 13 Ohio App.3d 161, 13 OBR 195, 468 N.E.2d 739. Vassilakis and Xifaras clearly intended to create a trust; the trust

agreement so declares and manifests their intention. The record does not show a transfer of the deeds of the property to the trust. However, the order of the Domestic Relations Division of the Cuyahoga County Court of Common Pleas unequivocally directed that the property "shall be placed in an irrevocable trust." The separation agreement and the trust agreement were made part of this order. The separation agreement, entered by Vassilakis and Xifaras, provides that each party "shall execute any and all deeds * * * and perform any act which may be required or necessary to carry out, and effectuate, any and all of the purposes and provisions herein set forth." The trust agreement clearly empowers the trustee, Economou, to sell the property in question and to reinvest the proceeds from such sale. As a result of the original order of the court incorporating the above provisions, the trial court's grant of summary judgment for Shaheen was proper. Xifaras' inaction cannot serve to defeat the trust; that is, her failure to carry out the necessary acts to transfer the deed into the trust, an act to which she agreed and which the court ordered, cannot serve to undermine the validity of the trust.

To the extent that the trust was technically deficient by Xifaras' and Vassilakis' failure to transfer the deeds into the trust, a constructive trust was established similar to that in *Ferguson v. Owens* (1984), 9 Ohio St.3d 223, 9 OBR 565, 459 N.E.2d 1293. In the *Ferguson* case, a husband under a West Virginia divorce decree was to name his children as beneficiaries of $100,000 life insurance obtained through his employer. The husband did obtain an accident and dismemberment policy in the face amount of $100,000. He also obtained a $40,000 life insurance policy from a new employer naming his new wife as beneficiary. The children sought to impose a constructive trust upon the $40,000 life policy claiming that the accident and dismemberment policy did not comply with the terms of the separation agreement. The Ohio Supreme Court, after a discussion of constructive trusts, held there was a question of fact as to whether the accident and dismemberment policy fulfilled the husband's obligation under the divorce decree. If not, then there was a question whether a constructive trust should be imposed on the $40,000 life policy which had been obtained from a subsequent employer.

Here the facts are more compelling for finding a trust existed. There is no ambiguity concerning the trust res. The court ordered specific property to be placed in trust with a specific trustee with power in the trustee to sell. That trustee contracted to sell and Xifaras' only defense is that she did not do that which the court ordered her to do, *i.e.*, place the property in trust for the benefit of her children. However, equity regards as done "that which ought to be done."

The trial court properly entered summary judgment.

Appellant's assignments of error are overruled.

## III

Appellant's third assignment of error states:

"The trial court erred in finding Mrs. Xifaras estopped to assert her interest in the property."

Xifaras argues that the trial court erred by granting summary judgment for Shaheen based on the doctrine of estoppel.

The Supreme Court of Ohio has stated:

"The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice. It is available only in defense of a legal or equitable right or claim made in good faith and should not be used to uphold crime, fraud, or injustice. * * * The party claiming the estoppel must have relied on conduct of an adversary in such a manner as to change his position for the worse and that reliance must have been reasonable in that the party claiming estoppel did not know and could not have known that its adversary's conduct was misleading. * * *" (Citations omitted). *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 145, 555 N.E.2d 630, 633.

The order of the trial court in granting summary judgment did not mention the issue of estoppel. Xifaras asserts that any claim Shaheen might have on the grounds of equitable estoppel is inapposite because Xifaras did not enter the contract to sell the land. In this way, Shaheen could not have relied on her actions to his detriment. As a result, she was not estopped from asserting her interest in the property. She further argues that any investigation by Shaheen into the status of title to the property would have revealed to him that the deeds had not been transferred into the trust and that he could not have relied reasonably on the actions of Economou, Vassilakis or Xifaras. We disagree.

We believe that Shaheen could have reasonably relied on the separation agreement, a public record incorporated into the judgment entry of dissolution, which stated that the "property shall be placed in * * * trust." In so relying, Shaheen believed that Economou, as trustee, had authority to sell the property and that Xifaras had relinquished her control of the property and so authorized Economou to sell it. *Resor v. Ohio* (1866), 17 Ohio St. 139.

Therefore, to the extent that the trial court found that Xifaras was estopped from claiming an interest in the property, we believe that such finding was proper.

Appellant's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FRANCIS E. SWEENEY, J., concurs.

DAVID T. MATIA, C.J., dissents.

DAVID T. MATIA, Chief Justice, dissenting.

I concur with the majority's dismissal of the appeal as raised by appellant–Vassilakis and appellant–Economou. I must respectfully dissent, however, from the opinion of the majority which affirms the judgment of the trial court and orders specific performance on the part of appellant–Xifaras.

Appellant–Xifaras, through her first and second assignments of error, argues that the trial court erred in granting the motion for summary judgment which ordered specific performance on the part of appellant–Xifaras. Specifically, appellant–Xifaras argues that the trial court erred as a matter of law by entering summary judgment on behalf of the appellee–Shaheen since: (1) the failure of appellant–Xifaras and former appellant–Vassilakis to convey title to the two parcels of real estate to the trustee resulted in a failed trust which prevented the intended trustee from delivering title to appellee–Shaheen; and (2) appellant–Xifaras was not a party to the real estate purchase agreement. Thus, the trial court was prohibited from ordering specific performance of the real estate purchase agreement against appellant–Xifaras.

Civ.R. 56(C), which guides a trial court in its disposition of a motion for summary judgment, provides in pertinent part that:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is *entitled to judgment as a matter of law.* No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *" (Emphasis added.)

Pursuant to the application of Civ.R. 56(C), a trial court may grant a motion for summary judgment only where there exists no genuine issues of material fact for the trier of fact and the moving party is entitled to judgment as a

matter of law. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267. In addition, a party which opposes a motion for summary judgment may not rest upon the denials or allegations of his pleadings but must affirmatively demonstrate the existence of genuine issues of material fact in order to prevent the granting of a motion for summary judgment. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798.

In the case *sub judice,* appellant-Xifaras argues that appellee-Shaheen was *not* entitled as a matter of law to specific performance, since a valid *inter vivos* trust did not exist which vested trustee-Economou with the authority to sell the two parcels of real property to appellee-Shaheen.

In order to create a valid *inter vivos* trust, three requirements must be met: (1) intention to create a trust; (2) declaration of a trust; and (3) *actual conveyance or transfer of property to the trust.*

"One of the cardinal elements of a valid express trust is a trust *res. In re Estate of Ternansky* (App.1957), 76 Ohio Law Abs. 203 [4 O.O.2d 329, 141 N.E.2d 189]. The trustee is under a duty to preserve and protect the corpus of the trust. *In re Estate of Fiorelli* (App.1956), 74 Ohio Law Abs. 38 [134 N.E.2d 576]; *Bd. of Edn. v. Unknown Heirs of Aughinbaugh* (1955), 99 Ohio App. 463, 471 [59 O.O. 267, 271, 134 N.E.2d 872, 878]. However, a primary requirement is that the trustee must first be vested with title to the trust *res.* The Supreme Court stated in *First Natl. Bank of Cincinnati v. Tenney* (1956), 165 Ohio St. 513, 518 [60 O.O. 481, 483, 138 N.E.2d 15, 18], that ' * * * [i]n order for a trust to be a trust, the *legal title of the res must immediately pass to the trustee * * *.'* (Emphasis added.) In creating the trust, there must be a declaration of trust, accompanied with an intention to create a trust, followed by an actual conveyance or transfer of property." *First Natl. Bank of Middleton v. Gregory* (1983), 13 Ohio App.3d 161, 163, 13 OBR 195, 197, 468 N.E.2d 739, 741. See, also, *Cleveland Trust Co. v. White* (1937), 58 Ohio App. 339, 9 O.O. 239, 16 N.E.2d 588.

Herein, the *inter vivos* trust as contemplated by appellant-Xifaras and former appellant–Vassilakis clearly met the first two requirements of (1) an intention to create a trust; and (2) declaration of the trust. *The record, however, clearly fails to demonstrate that actual conveyance or transfer of the two parcels of real property was made so as to vest trustee–Economou with title in the trust res.* Absent conveyance or transfer of title to the trust *res* to trustee–Economou, it is patently evident that the *inter vivos* trust failed, thus preventing trustee-Economou from possessing the ability to transfer title to the two parcels of real property. In addition, the failure of the *inter vivos* trust prevented the appellee-Shaheen from pursuing the remedy of

specific performance against trustee-Economou. *Moeller v. Poland* (1909), 80 Ohio St. 418, 89 N.E. 100.

Thus, the trial court erred in granting summary judgment on behalf of appellee as a matter of law, since the *inter vivos* trust failed, which in turn prevented the trustee-Economou from transferring title to appellee-Shaheen. In addition, the trial court was without authority to order specific performance on the part of appellant-Xifaras, since she was *not* a party to the original real estate purchase agreement. Therefore, I find that the first and second assignments of error of appellant-Xifaras are well taken.

Appellant–Xifaras, in her third assignment of error, argues that the trial court erred in granting summary judgment on behalf of appellee-Shaheen as based upon the doctrine of estoppel. Specifically, the appellant argues that she was not estopped from asserting her interest in the two parcels of real property.

The Supreme Court of Ohio, with regard to the concept of equitable estoppel, has opined that:

"The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice. It is available only in defense of a legal or equitable right or claim made in good faith and should not be used to uphold crime, fraud, or injustice. *Heckler v. Community Health Services* (1984), 467 U.S. 51, 59 [104 S.Ct. 2218, 2223, 81 L.Ed.2d 42, 51]; *Lex Mayers Chevrolet Co. v. Buckeye Finance Co.* (1958), 107 Ohio App. 235, 237, 8 O.O.2d 171, 173, 153 N.E.2d 454, 456, affirmed (1959), 169 Ohio St. 181, 8 O.O.2d 154, 158 N.E.2d 360. The party claiming the estoppel must have relied on conduct of an adversary in such a manner as to change his position for the worse and that reliance must have been reasonable in that the party claiming estoppel did not know and could not have known that its adversary's conduct was misleading. *Heckler, supra* [467 U.S.], at 59 [104 S.Ct. at 2223, 81 L.Ed.2d at 51]." *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 145, 555 N.E.2d 630, 633.

Herein, an application of the doctrine of equitable estoppel is not mandated, since it is not necessary to prevent actual or constructive fraud or further promote the ends of justice. As dealt with in the first and second assignments of error as raised by appellant-Xifaras, a valid *inter vivos* trust was not created nor was appellant-Xifaras a party to the real estate purchase agreement. Appellee–Shaheen, who attempted to apply the doctrine of estoppel, did *not* rely upon the conduct of appellant-Xifaras. Thus, as a matter of law, estoppel was *not* available to appellee-Shaheen and the third assignment of error as raised by appellant-Xifaras should be well taken.

Therefore, the judgment of the trial court which granted summary judgment and specific performance against appellant-Xifaras should be reversed.