JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant George M. Cheeks ("appellant") appeals the judgment of the common pleas court granting appellee City of Cleveland's ("Appellee") motion for summary judgment and denying appellant's Rule 60(B) motion for relief from judgment. For the reasons discussed below, the Court dismisses appellant's appeal.
 {¶ 2} On July 25, 2001, appellant filed his complaint with jury demand. The complaint alleged four causes of action; breach of contract, negligence, intentional infliction of emotional distress, and defamation. On October 11, 2001, appellee filed a motion for leave to file an answer, along with its motion to dismiss, instanter. On October 23, 2001, the court granted appellee's motion to dismiss counts one and two of appellant's complaint. On November 21, 2001, the appellant filed a brief in opposition to the motion to dismiss.
 {¶ 3} On April 8, 2002, appellee filed a motion for summary judgment on counts three and four of the complaint. On May 13, 2002, appellant filed his brief in opposition to the motion for summary judgment. That same day, the court granted appellee's motion for summary judgment.
 {¶ 4} On May 20, 2002, appellant filed a motion for reconsideration. On June 7, 2002, appellee filed a brief in opposition. On June 26, 2002, the court denied the motion for reconsideration.
 {¶ 5} On July 29, 2002, appellant filed a motion for relief from judgment. On August 9, 2002, the court denied the motion for relief from judgment. On September 9, 2002, appellant filed his notice of appeal.
 I. {¶ 6} In his assignment of error, appellant seeks review of "Whether the trial court erred in granting a summary judgment." The Court is without jurisdiction to hear this issue on appeal and therefore declines to do so.
 {¶ 7} On May 13, 2002, the court granted appellee's motion for summary judgment without opinion. Pursuant to App.R. 4(A), appellant had 30 days to effectuate an appeal. The docket indicates that appellant filed his notice of appeal on September 9, 2002. Further, appellant's brief contains only one assignment of error, namely the trial court granting summary judgment against him. Although appellant sought review by the trial court through his motion for relief from judgment, this Court has held that such a motion does not substitute for an appeal.[1]Shaheen v. Vassilakis, (1992), 82 Ohio App.3d 311, 315; Blasco v. Mislik
(1982), 69 Ohio St.2d 684. As appellant failed to appeal within the time prescribed by law, this Court lacks jurisdiction to consider whether or not the trial court properly granted summary judgment. State ex rel.Pendell v. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58.
 {¶ 8} Appellant's sole assignment of error is overruled.
 II. {¶ 9} The Court need not address the trial court's denial of appellant's motion for relief from judgment. Although not specifically addressed by appellant as an assignment of error, appellant's notice of appeal contains a copy of the trial court's journal entry denying the motion for relief. However, appellant's brief contains no mention of the motion for relief from judgement, Ohio Rule of Civil Procedure 60(B), or the trial court's alleged error in respect to the motion. The Court will not set forth appellant's arguments for him.
Appeal dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and TIMOTHY E. McMONAGLE, J., concur.
[1] Also, appellant's motion for reconsideration filed May 30, 2002 and was denied by the trial court on June 26, 2002, does not toll the 30-day appeal period. Pitts v. Dept. of Trans. (1981), 67 Ohio St.2d 378.