[Cite as *Jamison v. Jamison*, 2018-Ohio-1626.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106185

---

## CHARLES JAMISON, ET AL.

### PLAINTIFFS-APPELLEES

vs.

## CAROLINE H. JAMISON, ET AL.

### DEFENDANTS-APPELLANTS

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Court Division
Case Nos. 2016 ADV 221788 and 2016 EST 214171

**BEFORE:** Keough, J., S. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 26, 2018

**ATTORNEY FOR APPELLANTS**

Barry L. Sweet
22408 Lakeshore Blvd., #206
Euclid, Ohio 44123


**ATTORNEYS FOR APPELLEES**

Maria L. Shinn
Shinn Lanter, L.L.P.
12511 Madison Avenue
Lakewood, Ohio 44107

Amy L. Papesh
Elk & Elk Co., Ltd.
6105 Parkland Blvd., Suite 200
Mayfield Heights, Ohio 44124


KATHLEEN ANN KEOUGH, J.:

{¶1}   Caroline H. Jamison ("Caroline"), individually and as administrator of the estate of Ralph E. Jamison ("Ralph"), appeals from the probate court's judgment in Case No. 2016 ADV 221788 that granted the motion for summary judgment of plaintiffs-appellees, Charles Jamison, David Jamison, and Carolyn Dandrea (collectively "appellees" or the "children"), and dismissed Caroline's counterclaims, and from the probate court's judgment in Case No. 2016 EST 214171 that granted the exceptions to inventory filed by the children, and ordered that the real estate at issue is not an asset of Ralph's estate.   For the reasons that follow, we affirm.

## I.   Facts and Procedural Background

{¶2}   In February 2016, Caroline, as Ralph's surviving spouse, filed an application in Case No. 2016 EST 214171 for authority to administer his estate.   The probate court granted the

application.  Caroline subsequently filed an inventory and schedule of assets that listed only one estate asset: a vacation cottage with a value of $265,240 located in Sandusky, Ohio.

{¶3}  Appellees, who are the decedent's grown children, subsequently filed their exceptions to the inventory and a motion for constructive trust.  In their motion, appellees asserted that before he married Caroline, Ralph and his ex-wife Myra S. Jamison, executed a separation agreement in Lake County Domestic Relations Court that required him to transfer the cottage to a living trust "to insure keeping the Cottage 'in the family,' for the use of Husband, Wife, Children, and Grandchildren of this marriage, regardless of dissolution, divorce, remarriage, or other circumstances."  The separation agreement further provided that upon Ralph's death, "the Children will be the only remaindermen (beneficiaries after the death of Husband), receiving equal shares of the trust value, in no less than two years after the death of the Husband * * *."

{¶4}  The children argued that Ralph's failure to transfer the cottage into the trust after the dissolution of his marriage to Myra and before his death deprived them of their equitable interest in the cottage, and that by including the cottage in Ralph's estate, Caroline was trying to acquire an interest in the property as Ralph's surviving spouse.  The children asked the court to therefore impose a constructive trust over the cottage for their benefit, and to exclude the cottage from the inventory of Ralph's estate.

{¶5}  The children then filed a complaint for declaratory judgment in Case No. 2016 ADV 221788 asking the court to declare and determine whether the cottage should be held in constructive trust for the children's benefit or included in the inventory of Ralph's probate estate.  Caroline, individually and as administrator of Ralph's estate, answered the complaint and filed counterclaims for declaratory judgment, unjust enrichment, and sanctions.  The children

subsequently filed a motion for summary judgment in this case, arguing that there was no genuine issue of material fact that equity required the imposition of a constructive trust over the cottage for the children's benefit, and that Caroline would be unjustly enriched if the cottage was awarded as an asset of Ralph's estate. Caroline filed a brief in opposition to the motion.

{¶6} The trial court granted the motion for summary judgment. It found that the dissolution decree "was very specific in its instructions with regard to the disposition of the subject property and to the terms of the trust that was ordered to be established." The court found that the decree "named the Trustee and the Successor Trustee, stated who could use the subject property, mandated that the decedent's children would be the only beneficiaries after his death and gave Plaintiff David Jamison the right of first refusal to buy the subject property from the trust before the trust is terminated by the final trustee." It further found that "the decedent's failure to formally transfer the subject property into the Trust before his death will result in a denial of the Plaintiffs' equitable interest in the property if a constructive trust is not imposed by this Court." The court further found that Caroline "will be unjustly enriched if the subject property is considered to be an asset of the decedent's estate." Accordingly, the court ordered a constructive trust imposed over the cottage. It further found that imposing a constructive trust over the cottage necessarily removed it as an asset of Ralph's estate and defeated Caroline's counterclaims. The court therefore granted judgment to the children on Caroline's counterclaims and dismissed the counterclaims.

{¶7} The court subsequently entered judgment in Case No. 2016 EST 214171 granting the children's exceptions to inventory, and ordering that the cottage be removed from the inventory of the estate. This appeal followed.

## II. Law and Analysis

{¶8} In her first assignment of error, Caroline asserts that the trial court erred in granting the children's motion for summary judgment and imposing a constructive trust over the cottage. She further contends that the trial court abused its discretion by granting the children's exceptions to inventory and ordering the cottage removed from Ralph's estate. In her second assignment of error, she contends that the trial court erred in finding that she would be unjustly enriched if the cottage remained an asset in Ralph's estate and in dismissing her counterclaims. We consider the assigned errors together because they are related.

{¶9} Civ.R. 56(C) provides that summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). We review the trial court's judgment de novo, using the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶10} The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of facts on a material element of the nonmoving party's claim. *Id.* The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. The nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C) showing that there is a genuine issue for trial. *Id.* The reviewing court

evaluates the record in a light most favorable to the nonmoving party. *Saunders v. McFaul*, 71 Ohio App.3d 46, 50, 593 N.E.2d 24 (8th Dist.1990). Any doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶11} The children attached a copy of the separation agreement entered into by Ralph and Myra in September 1992 to their motion for summary judgment. They also attached a copy of the decree of dissolution of marriage entered by the Lake County Domestic Relations Court on November 30, 1992. The dissolution decree incorporated the separation agreement as part of the decree, and specifically ordered Ralph and Myra "to fulfill this Agreement."

{¶12} The separation agreement provided that Myra would convey her interest in the cottage by quitclaim deed to Ralph. The separation agreement further provided that:

> Husband shall, after recording of the Quit Claim deed to the Cottage, executed by Wife and Husband, and refinancing in his name only or otherwise holding Wife harmless on the current mortgage debt, convey the Cottage to a living trust (hereinafter, "the Trust").

> *The Trust will have been created by husband to insure keeping the Cottage "in the family" for the use of Husband, Wife, Children, and Grandchildren of this marriage, regardless of dissolution, divorce, remarriage, or other circumstances.* Husband will be the Trustee or Co-trustee, and Income Beneficiary; and, with son David E. Jamison as the first Successor Trustee or Co-Trustee and a commercial bank as the second and final Trustee will, with proper maintenance and improvements, and by limiting mortgage debt sustain the currently appreciating market value of the Cottage and of the Trust. The Children will be the only remaindermen (beneficiaries after the death of Husband), receiving equal shares of the trust value, in no less than two years after the death of the Husband, at which time the trust will terminate with son David E. having right-of-first-refusal to buy the Cottage from the Trust before termination of the Trust by the final Trustee.

> The joint bank account currently in the names of both Husband and Wife, from which Cottage mortgage payments are now being made, will be transferred to the Trust. For record keeping and tax purposes, all Cottage-related mortgage, real estate tax, utility and maintenance payments, formerly the obligation of both Husband and Wife, will be paid from this account, and the balance will be

maintained by the Trustees at a level sufficient to insure smooth successions [sic] of trusteeship and termination.

Some household goods and some personal property in Husband's possession and not in the Cottage and some funds may be added to the Trust at any time.

Any taxes assessed to the Husband as a consequence of the Trust creation, and any taxes, penalties or interest arising out of the Husband's and Wife's joint tax returns for any year will be paid by the Trust. (Emphasis added.)

{¶13} The evidence demonstrated Myra complied with the dissolution decree and transferred her interest in the cottage to Ralph by a quitclaim deed. The evidence further demonstrated that as provided by the dissolution decree, Myra, the children, and grandchildren used the cottage after the dissolution of the marriage and Ralph's remarriage to Caroline. Nevertheless, despite the order of the domestic relations court to fulfill the separation agreement, Ralph never transferred the cottage into the trust, as ordered by the court.

{¶14} In their motion for summary judgment, the children asserted that because the dissolution decree was clear that Ralph's children were to be the beneficiaries of the cottage after Ralph's death and that his remarriage would have no bearing on his agreement to keep the cottage in the family, there was no genuine issue of material fact that Caroline would be unjustly enriched if the cottage were awarded to Ralph's estate. Accordingly, they asked the court to impose a constructive trust over the cottage. Upon our de novo review, we find that the trial court properly granted summary judgment to the children and imposed a constructive trust over the cottage.

{¶15} First, we reject Caroline's argument that the probate court lacked jurisdiction to impose a constructive trust. The probate court's plenary jurisdiction at law and in equity under R.C. 2101.24(C) authorizes any relief required to fully adjudicate the subject matter within the probate court's exclusive jurisdiction. *State ex rel. Lewis v. Moser*, 72 Ohio St.3d 25, 29, 647

N.E.2d 155 (1995). A probate court has exclusive jurisdiction to direct and control the conduct of fiduciaries, such as Caroline, and settle their accounts. R.C. 2101.24(A)(1)(m). Accordingly, in resolving the children's exceptions to the estate inventory submitted by Caroline, the probate court had plenary jurisdiction to determine that the cottage was not properly included in Ralph's estate and to impose a constructive trust to protect the children's interest in the cottage.

{¶16} We also reject Caroline's argument that a constructive trust was not an appropriate remedy in this case. A constructive trust is an equitable remedy used "when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest." *Ferguson v. Owens*, 9 Ohio St.3d 223, 225, 459 N.E.2d 1293 (1984). It is an appropriate remedy against unjust enrichment and may be imposed when a party retains money or benefits that in justice and equity belong to another. *Groza-Vance v. Vance*, 162 Ohio App.3d 510, 2005-Ohio-3815, 834 N.E.2d 15, ¶ 25 (10th Dist.), citing *Liberty Mut. Ins. Co. v. Indus. Comm. of Ohio*, 40 Ohio St.3d 109, 111, 532 N.E.2d 124 (1988). A constructive trust may also arise when the holder of property obtained such property from a person attempting to avoid an obligation imposed by a court decree. *Id*. at ¶ 29.

{¶17} The evidence was undisputed that Ralph was ordered by the Lake County Domestic Relations Court to transfer the cottage into a trust for the benefit of his ex-wife Myra, and their children and grandchildren. Ralph's failure to carry out the necessary acts to transfer the cottage into the trust, an act to which he agreed and which the court ordered, cannot defeat the trust requirement that the trust remain "in the family" (i.e., the children and grandchildren of Ralph and Myra) despite Ralph's remarriage to Caroline.

{¶18} Caroline argues that the trial court erred in granting summary judgment because there was no evidence that the two conditions precedent to transferring the cottage into the trust — (1) recording of the quitclaim deed signed by Ralph and Myra, and (2) refinancing of the cottage mortgage in Ralph's name only — ever occurred, and consequently, Ralph had no duty to transfer the cottage into the trust. This argument fails. A copy of the signed and filed quitclaim deed was attached to Caroline's brief in opposition to the children's motion for summary judgment. Further, in her affidavit attached to her brief in opposition, Caroline averred that the cottage was titled solely in Ralph's name during their marriage. She also averred that Ralph paid off the mortgage on the cottage, as required by the separation agreement. Thus, as the trial court found, although Caroline acknowledges Ralph's compliance with some of the trust requirements, she "chooses to disregard the balance of the decree that sets forth in detail the requirement that the property be titled to a family trust in which the decedent's children would be the only remaindermen."

{¶19} Moreover, Caroline's argument that the requirement that he transfer the cottage to the trust "was not an enforceable court order" is specious. Having been incorporated into the divorce decree, Ralph and Myra's agreement requiring him to transfer the cottage into the trust "acquired the sanctity of a court order." *Vance*, 162 Ohio App.3d 510, 2005-Ohio-3815, 834 N.E.2d 15, at ¶ 32 (10th Dist.). Ralph's failure to transfer the cottage into the trust had the effect of avoiding his court-ordered obligation and depriving the children of their equitable interest in the property.

{¶20} Caroline also argues that the trial court erred in granting summary judgment because, since title to the cottage was never transferred to the trust, the children do not have a

vested interest to enforce. This argument is similar to an argument raised and rejected by this court in *Shaheen v. Vassilakis*, 82 Ohio App.3d 311, 612 N.E.2d 435 (8th Dist.1992).

**{¶21}** In *Shaheen*, as part of their separation agreement, Husband and Wife agreed that certain real property would be placed in a trust for the benefit of their children, and granted the trustee the authority to sell the property. The judgment entry of divorce incorporated the agreement and ordered its terms "into execution." Despite the language of the judgment entry, no deeds to the property were ever delivered to the trust. When the trustee sold the property, Husband refused to convey the property. The purchaser filed a complaint against Husband and the trustee, seeking specific performance. Wife subsequently moved to intervene.

**{¶22}** On appeal of the trial court's judgment ordering specific performance of the purchase agreement and that Husband and Wife convey the property to the trust pursuant to the divorce decree, Wife argued that there was no valid trust because she and Husband had never conveyed any property into the trust and, therefore, the trustee had no authority to sell the property. This court found, however, that the separation agreement and trust agreement were made part of the judgment entry of divorce, which unequivocally directed that the property be placed in the trust. *Id.* at 317. It further found that Wife's failure to convey the property, as ordered by the court, did not undermine the validity of the trust. *Id.* This court stated, "[Wife's] only defense is that she did not do that which the court ordered her to do, *i.e.*, place the property in trust for the benefit of her children. However, equity regards as done 'that which ought to be done.'" *Id.*

**{¶23}** Furthermore, this court found that to the extent the trust was technically deficient because of Husband and Wife's failure to transfer the property into the trust, a constructive trust was established. The court found there was "no ambiguity" concerning the trust property; the

court had ordered that it be placed in trust with a specific trustee with power in the trustee to sell. Accordingly, this court affirmed the trial court's judgment. *Id.*

{¶24} The same can be said of this case. There is no doubt that Ralph agreed, and was ordered by the domestic relations court, to convey the cottage into a trust for the benefit of his ex-wife, children, and grandchildren. That he did not do so does not defeat the children's interest in the cottage, nor vest any rights in the cottage to Caroline.

{¶25} Caroline next argues that the children's claim is barred by the statute of limitations and the doctrine of laches. She cites R.C. 5810.05, which limits actions against a trustee by a beneficiary to two to four years, depending on the circumstances. She contends that the children were aware of Ralph's breach of the trust agreement as early as 1999, and therefore, their claims are now barred by the statute of limitations. We disagree. As admitted by Caroline, Ralph followed the terms of the trust during his lifetime, even though the property was never formally transferred to the trust. The children's claim for unjust enrichment accrued on August 3, 2016, when Caroline tried to assert ownership of the property on behalf of Ralph's estate by listing it on the estate inventory. The children filed their exceptions to the inventory 22 days later, well within any statute of limitations.

{¶26} Likewise, the doctrine of laches is not applicable to this case. Laches is "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." *Connin v. Bailey*, 15 Ohio St.3d 34, 35, 472 N.E.2d 328 (1984). Delay in asserting a right does not of itself constitute laches. *LeCrone v. LeCrone*, 10th Dist. Franklin No. 04AP312, 2004-Ohio-6526, ¶ 22. The party asserting the laches defense must demonstrate that he or she has been materially prejudiced by the delay. *Smith v. Smith*, 168 Ohio St. 447, 156 N.E.2d 113 (1959), paragraph three of the syllabus.

{¶27} Caroline cannot demonstrate any such prejudice. By her own admission, she had the use and enjoyment of the cottage during her 23-year marriage to Ralph. She never had any ownership or other interest in the cottage, however, and therefore cannot be prejudiced by keeping it out of Ralph's estate.

{¶28} Caroline next contends that the trial court erred in finding that she would be unjustly enriched if the cottage were to remain in Ralph's estate and that, to the contrary, the children will be unjustly enriched by the imposition of a constructive trust over the cottage in their favor. We cannot agree.

{¶29} The imposition of a constructive trust does not unjustly enrich the children. It instead enforces the intended and agreed-upon terms of the trust as ordered in the dissolution decree, and prevents the children from being deprived of their vested remaindermen interest in the family cottage. To find otherwise would unjustly enrich and unfairly benefit Caroline, who was specifically excluded from any interest in the family cottage pursuant to the dissolution decree.

{¶30} Caroline next asserts that the trial court erred in finding her argument that the children "appear[ed] before the court with unclean hands" to be irrelevant. Specifically, in her brief in opposition to the children's motion for summary judgment, Caroline argued that the children pressured her during Ralph's final hospice stay to sign a release regarding the cottage, that they never helped to maintain the cottage, and that one of the children allegedly broke into the cottage after Ralph changed the locks. We agree with the trial court that such arguments are irrelevant to the issue at hand: whether Ralph wrongfully failed to transfer the cottage to the trust for the benefit of his children, as ordered by the domestic relations court. As the trial court found, "[h]ad the decedent done what he was required to do and what he agreed to do in the 1992

decree of dissolution, the plaintiffs would not have been required to invoke the jurisdiction of this court to retain what is rightfully theirs pursuant to the prior court order."

**{¶31}** Last, we reject Caroline's argument that the cottage is marital property subject to a dower interest under R.C. 2103.02. Even though the cottage was titled in Ralph's name when he died, Caroline never had an interest in the cottage; the dissolution decree was very clear that the cottage was to be conveyed to a trust to ensure that it would remain "in the family" for use by Ralph, his ex-wife, and their children and grandchildren regardless of any remarriage by Ralph. Further, the decree ordered that the children would be the "only remaindermen" of the trust upon Ralph's death. And the trust terms did not allow for the trust to be terminated during Ralph's lifetime, nor was any agreement to terminate ever reached between Ralph, his ex-wife, and the children. The dissolution decree specifically barred Caroline from acquiring any interest in the cottage upon her marriage to Ralph; accordingly, she is not entitled to any statutory share.

**{¶32}** There is no genuine issue as to any material fact, and appellees are entitled to judgment as matter of law. The cottage is not an estate asset, and Caroline would be unjustly enriched if it were included in Ralph's estate. Accordingly, the trial court properly granted appellees' motion for summary judgment, dismissed Caroline's counterclaims, and imposed a constructive trust over the cottage. The trial court also properly granted the exceptions to inventory filed by appellees and ordered that the cottage is not an asset of Ralph's estate.

**{¶33}** Judgment affirmed.

It is, therefore, considered that appellees recover of appellants their costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR