[Cite as *Shuster v. Spodek*, 2022-Ohio-3039.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CYNTHIA SHUSTER,                    :

      Plaintiff-Appellant,          :          No. 111140

      v.                                   :

ROSALIND SPODEK, ET AL.,          :

      Defendants-Appellees.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 1, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-925694

---

### *Appearances:*

DuPont & Blumenstiel, LLC, and Braden A. Blumenstiel, *for appellant*.

Gallagher Sharp LLP, Joseph Monroe II, and Anthony R. Santiago, *for appellees*.

MARY EILEEN KILBANE, J.:

{¶ 1} Appellant Cynthia Shuster ("Shuster") appeals from the trial court's order denying her Civ.R. 60(B) motion. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} On November 22, 2019, Shuster filed a complaint naming Rosalind Spodek ("Spodek" or "defendant") and Columbia Avenue Equities, LLC ("Columbia Avenue" or "defendant") as defendants. The complaint stemmed from Shuster's alleged exposure to mold and resulting medical problems. On January 21, 2020, and January 22, 2020, respectively, defendants Spodek and Columbia Avenue filed their answers to Shuster's complaint.

{¶ 3} On February 4, 2020, the trial court conducted a case management conference. All parties participated through counsel and agreed to a litigation schedule that included a dispositive motion deadline on June 26, 2020.

{¶ 4} On June 24, 2020, defendants filed a motion for summary judgment. Shuster did not file a brief in opposition. The trial court granted the defendants' motion for summary judgment on August 7, 2020. Shuster did not file a direct appeal following the court's grant of summary judgment.

{¶ 5} Almost one year later, on August 6, 2021, Shuster filed a Civ.R. 60(B) motion seeking relief from the court's grant of summary judgment in favor of defendants. The motion was fully briefed by the parties and the court conducted a hearing on October 21, 2021. On November 5, 2021, the trial court denied Shuster's Civ.R. 60(B) motion for relief from judgment on the basis that it was not filed within a reasonable time.

{¶ 6} On December 3, 2021, Shuster filed a timely notice of appeal that presented this assignment of error:

The trial court committed reversible error and abused its discretion by prematurely granting defendants' motion for summary judgment on August 7, 2020 and denying plaintiff-appellant's motion for relief because the Ohio Supreme Court's March 27, 2020 Covid-19 Tolling Order automatically tolled plaintiff's deadline to respond to defendants' motion for summary judgment until August 30, 2020.

**Legal Analysis**

{¶ 7} Shuster argues the relevant issue is the trial court's decision to grant the defendants' motion for summary judgment in contravention of a Covid-19 tolling order. *See In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court and Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166, 141 N.E.3d 974. Shuster argues that pursuant to the Covid-19 tolling order, her brief in opposition to defendants' motion for summary judgment was due 30 days after July 30, 2020, or on August 29, 2020. Thus, the trial court erred when it granted defendants' motion for summary judgment on August 7, 2020, when plaintiff's brief in opposition was not yet due for filing.

{¶ 8} Shuster's arguments relate to the trial court's ruling on defendants' motion for summary judgment and are not properly before this court. The trial court's order that granted defendants' motion for summary judgment and was docketed on August 7, 2020, was a final appealable order; Shuster had 30 days from the date of that order to file a direct appeal. R.C. 2505.02, App.R. 4(A)(1). Instead of filing a direct appeal, Shuster filed a Civ.R. 60 motion almost one year later on August 6, 2021. A Civ.R. 60 motion is not a substitute for appeal. *Shaheen v. Vassilakis*, 82 Ohio App.3d 311, 315-316, 612 N.E.2d 435 (8th Dist.1992); *Blasco v.*

*Mislik*, 69 Ohio St.2d 684, 433 N.E.2d 612 (1982). Because Shuster did not file an appeal from the court's order granting defendants' motion for summary judgment, this court is without jurisdiction to consider whether the trial court properly granted summary judgment. *Cheeks v. Cleveland*, 8th Dist. Cuyahoga No. 81739, 2003-Ohio-1532, ¶ 7, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988); *see also Walker v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga Nos. 69604, 69613, and 69614, 1996 Ohio App. LEXIS 1452, 3 (Apr. 11, 1996) (trial court declined to review assignment of error relating to summary judgment ruling where the appellant, after the summary judgment ruling, filed a Civ.R. 60(B) motion rather than a direct appeal and then filed an appeal related to the summary judgment order).

{¶ 9} While the arguments presented in her brief discuss the motion for summary judgment, Shuster's notice of appeal stated her appeal is premised on the trial court's denial of her Civ.R. 60(B) motion and she attached a copy of the trial court's judgment entry from that ruling. We have jurisdiction to hear an appeal on Shuster's Civ.R. 60(B) motion. However, this issue is not specifically addressed in Shuster's briefing. In fact, Shuster explicitly states the motion for summary judgment, and not the Civ.R. 60(B) motion, is the only relevant issue on appeal. Shuster specifically argues "[t]he core issue is whether the trial court initially committed reversible error by granting [defendants'] motion for summary judgment three weeks prematurely, thereby violating the Ohio Supreme Court's Administrative Action tolling all deadlines until July 30, 2020, and violating

[Shuster's] due process rights." Shuster further states that any argument related to her Civ.R. 60(B) motion "is irrelevant to this appeal"; states she "did not actually commit any initial 'neglect' which needed to be excused" pursuant to Civ.R. 60(B); and concedes filing a Civ.R. 60(B) motion "was not the most accurate and appropriate argument to make based on the facts of this case." Shuster then contends the "most accurate and appropriate argument" in this case was that the trial court violated her due process rights when it violated the Covid-19 tolling order and granted defendants' summary judgment motion three weeks before Shuster's brief in opposition was due to be filed.

{¶ 10} Pursuant to App.R. 12 and 16, an appellate court may disregard an assignment of error where a party provides no argument on that issue. *DeMeo v. Provident Bank*, 8th Dist. Cuyahoga No. 89442, 2008-Ohio-2936, ¶ 59, fn. 20, citing *Dickenson v. Hartwig*, 6th Dist. Lucas Nos. L-03-1085 and L-03-1148, 2004-Ohio-1330, ¶ 21. Where Shuster has not presented arguments related to the Civ.R. 60(B) motion, this court will not set forth arguments for appellant. *DeMeo* at ¶ 59 (the appellate court declined to address a claim because appellants made no argument on the issue within their appellate brief). Thus, we decline to review Shuster's assignment of error.

{¶ 11} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

ANITA LASTER MAYS, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR