LINDER *et al. v.* OFFICER *et al.*

*(Nashville,* December Term, 1940.)

Opinion filed January 20, 1940.

Robert F. Turner and Ward R. Case, both of Jamestown, for complainants.

A. F. Officer and H. M. Roberts, both of Livingston, for defendants.

Mr. Justice McKinney delivered the opinion of the Court.

The bill herein was filed on May 29, 1939, by the five adult children of Amos R. Linder against Fred Linder, the minor son of Amos R. Linder, and A. F. Officer, trus-

tee, for the purpose of having the trust created in Item 5 of the will of J. W. Linder terminated so far as complainants are concerned, and their respective shares of such fund, alleged to be about $7,900, paid to them. Such relief was asked upon the grounds (1) that this item created a passive or dry trust, and (2) that a former decree construing Item 5 in a particular to be hereinafter pointed out was void because beyond the scope of the pleadings. Issue as to these contentions was raised by demurrers. Judge O. K. Holladay, sitting by interchange with Chancellor Officer, a party to this suit, sustained the demurrers and dismiss the bill.

J. W. Linder died testate on January 28, 1928. His will was executed on December 17, 1925. The fifth item thereof is as follows:

"Fifthly: I bequeath to my beloved daughter, Jo Ann Simcox, wife of T. A. Simcox, one-third of all my personal property—to the children of Amos R. Linder jointly, one-third of the remainder of all my property, and to my beloved daughter, Elberta Tudor, $500.00 of the balance of the one-third and the remainder of this other one-third to be divided equally—one-half to my grandchildren by Simcox and the other one-half to my grandchildren by my son Amos R. Linder, but to be held by my executor in trust until my youngest grandchild Veon Linder becomes of age, however, provided that if either of my grandchildren desire to attend a school, and in good faith enter a school then I direct my executor to pay the tuition, and expenses of said grandchildren's attendance at school to be deducted out of his or her pro rata share of the interest herein devised to him or her."

The defendant, Fred Linder, was born April 30, 1928, about three months subsequent to the death of testator.

In 1931 J. F. Brown qualified as executor of J. W. Linder with the will annexed, and on July 7th of that year he, together with Mr. and Mrs. Simcox, filed an original bill in which the court was specifically requested to construe Item 5 of the will. At that time the three children of Mrs. Simcox and the six children of Amos R. Linder were minors. They were made defendants, were served with process, and guardians *ad litem* were appointed who filed answers for them and represented them in that cause. The chancellor entered a decree on July 20, 1931, construing said item, in which it was held that Fred Linder shared in the fund with the other children of Amos R. Linder; and with respect to the duration of the trust the decree recites that "the provision that the funds be held in trust until Veon Linder his youngest grandchild became of age is construed to mean instead of Veon Linder, Fred Linder who is the youngest child as the proof develops interested in the bequest herein made." There was no appeal from that decree. Veon Linder became twenty-one years of age on April 27, 1939.

We cannot agree with counsel in their contention that the decree went beyond the scope of the pleadings. The bill sought a construction of the entire will, specifically of Item 5, and the interest, if any, Fred Linder took thereunder. The court having held that Fred Linder took with the other children of Amos R. Linder, the question as to the duration of the trust became important, and it was quite proper for the chancellor to determine that matter since he was requested to construe the will in its entirety. Quite naturally the trustee desired instruction as to the duration of his trusteeship. If any of the parties were dissatisfied with the decree they had the right to appeal.

J. F. Brown subsequently resigned, and defendant Officer was appointed trustee for the interest of the children of Amos R. Linder. The three Simcox children are not made parties to this suit; neither does it appear from the bill and the exhibits thereto whether either or all of them have attained their majority. Neither does it appear who, if any one, is acting as trustee for them as to the fund bequeathed in Item 5 of the will.

██ We cannot agree with counsel that this is a passive or dry trust. It is fully established in this jurisdiction that if any trust or duty is imposed on the trustee, either expressly or by implication, the trust is an active one. See cases cited in Michie's Digest of Tennessee Reports (2d Series), Vol. 15, p. 71.

In *Hooberry* v. *Harding,* 78 Tenn. (10 Lea), 392, this court quoted approvingly from Perry on Trusts, section 305, as follows:

" 'Therefore,' says Mr. Perry, 'if any agency, duty, or power be imposed on the trustees, as by a limitation to the trustee and his heirs to pay the rents or convey the estate, or to preserve contingent remainders, in all of these and in other like cases, the operation of the statute is excluded and the trusts or uses remain mere equitable estates.' 'So,' he adds, 'if the trustee is to exercise any discretion in the management of the estate, in the investment of the proceeds or the principal, or in the application of the increase, or if the purpose of the trust is to protect the estate for a given time, or until the death of some one, or until division.' "

All of testator's grandchildren were minors when his will was written. We think his primary purpose in creating the trust was to afford and induce his grandchildren to obtain an education. The testator in creating this trust had two objects in view; namely, the education

of his grandchildren and the protection and preservation of his estate. Under the authorities referred to the delegation of such duties to a trustee constitute the trust an active one. It is only where there are no active duties for the trustee to perform, nor any supervision of the estate imposed on him, that the trust is merely passive. *Hooberry* v. *Harding,* supra; *Jourolmon* v. *Massengill,* 86 Tenn., 81, 5 S. W., 719.

 It is finally insisted that the trust should be terminated for the reason that the will makes no provision for any income from the trust, or what disposition to make of it if there should be any, and that the trust fund could lie dormant and useless until Fred Linder becomes of age.

There is no provision in the will that the funds shall not be invested, and the general rule seems to be that where trust money cannot be applied either immediately or within a short time to the purposes of the trust, it is the duty of the trustee to make the fund productive to the *cestuis que trust* by the investment of it on some proper security. 65 C. J., 795. This rule has been impliedly approved in this jurisdiction. *Vaccaro* v. *Cicalla,* 89 Tenn., 63, 14 S. W., 43; *Stratton* v. *Thompson and Tribble,* 78 Tenn. (10 Lea), 229; *Fulton* v. *Davidson,* 50 Tenn. (3 Heisk.), 614, 615; *Thompson* v. *Childress,* 1 Tenn., Ch., 369.

Section 9596.1 of the Code provides as follows:

"All trustees, guardians and other fiduciaries in this State, unless prohibited, or another mode of investment is prescribed, by the will or deed of the testator or other person establishing the trust, may invest all funds in their hands in the following securities:" (Naming them.)

██ Counsel also complain because the trial court did not decree a termination of the trust created in the

fourth item of the will with respect to the Dillon tract of land. No such relief was asked in the bill. The three Simcox children, who jointly take one half of this tract, were not made parties to the suit. Under the decree of 1931 this trust has terminated, so that another decree to the same effect would be a useless repetition.

For the reasons stated herein we find no basis for decreeing to complainants the relief which they seek. We therefore overrule their assignments of error and affirm the decree of the chancery court.

Complainants and their sureties will be taxed with the costs.