TERNANSKY, etc., Estate of, In re: TERNANSKY, Appellant, v.
RABATIN et, Appellees.

Ohio Appeals, Ninth District, Summit County.

No. 4651.  Decided March 20, 1957.

204

Naumoff & Naumoff, Barberton, for appellees.
E. H. Hauenstein, Akron, for appellant.

(SKEEL, PJ, KOVACHY and HURD, JJ, of the Eighth District, sitting by designation in the Ninth District.)

## OPINION

By KOVACHY, J:

Appellant, William Ternansky, is devisee and legatee under the will of his mother, Rose Ternansky, Deceased, whose estate is being administered in the Probate Court of Summit County. He filed exceptions to the final and distributive account. The exceptions were overruled and the account ordered approved by the probate judge. He appeals here from that order on questions of law.

The exceptions were directed to the distributive share of William Ternansky in the amount of $3412.06, placed, under the terms of Item X of the will, in the hands of his sister, Florence Millen as trustee for his benefit, the exceptor claiming that said purported trust provision was ineffective to create a testamentary trust and therefore null and void. Item X of the will reads:

"ITEM X:—All the remainder of my property, real, personal and mixed, of every kind and description, wheresoever situate, which I may own at the time of my decease, I give, bequeath and devise to my children, Margaret Rabatin, Florence Millen, and William Ternansky, share and share alike, absolutely and in fee simple, except William Ternansky's share which is to be given to Florence Millen to be held in trust by her for William Ternansky, and said trust to be paid over the whole or any part of the corpus of said trust fund to said William Ternansky, and at such time or times, and in such amount or amounts, as said trustee may deem advisable."

The trial court found:

"Trust is what is known as a discretionary trust, and that a discretionary trust is valid in Ohio."

Appellant, William Ternansky, contends:

"that the ruling of the Probate Court is contrary to law; that the ruling of the Probate Court should have been in favor of the appellant and against the appellees; and that the Probate Court should have sustained the exceptions of appellant, declared said attempted trust to be invalid and ordered the share of William Ternansky to be paid over to him."

A reading of the will of Rose Ternansky, Deceased, discloses that she gave great care in the disposal of her property. Consideration in the case of one daughter was given to the gifts and advances made to her. To another daughter she merely bequeathed a lump sum of money. She remembered her two granddaughters and bequeathed sums of money to each. She divided two parcels of real estate among her three remaining children, and then devised and bequeathed to each of the three remaining children an equal division of all her remaining property, real, personal and mixed (Item X). Two children thereunder were given their respective shares outright. William alone was denied that right. His share was entrusted to his sister, Florence Millen, with uncontrolled discretion to pay the whole or any part of the trust fund to William as she "may deem advisable." It is significant that of all of her children, William is singled out in this way. His mother must have had sufficient reason to restrict this modest sum in such manner. Moreover, she must unquestionably have had abiding confidence that her daughter Florence would distribute William's share in the way she herself would have. It was her money and she had every right to dispose of it as she saw fit provided she met the requirements of the law. The intent is clear and should be given efficacy if within juridical bounds with respect to the creation of trusts. Her language denotes that while each of the three children was to receive an equal share of the remainder of her estate "absolutely and in fee simple," two were to receive their share outright while William was to receive it piecemeal, that is, "at such time or times, and in such amount or amounts," as the trustee "deems advisable."

- - - - - - - -

The cardinal elements of a valid express private trust are four:
1. Intent to create a trust.
2. A trustee.
3. A res.
4. A definite beneficiary.

Bogart, 454-467; 65 C. J. 363; Restatement of the Law—Trusts, 4047, 4400.

These elements are present in this testamentary trust. Appellant argues that the language creates a passive trust. That claim is untenable because the trustee in this case has active duties. She must keep possession of the money, and turn the corpus, and by implication the income, if any, over to the cestui que trust in whole or from time to time as she "deems advisable." Such duties constitute a trust an active one. See Linder v. Officer, 175 Tenn. 402; 135 S. W. (2d) 445, at page 447, where the court said:

"It is only where there are no active duties for the trustee to perform, nor any supervision of the estate imposed on him, that the trust is merely passive."

See Restatement of the Law—Trusts, Section 69. Appellant also claims that the manner of performance is uncertain. He asks:

Is the money to be invested or just held nakedly by the trustee?

What shall she do with the income?

What becomes of the trust upon the death of the beneficiary? The last of these questions is answered by the provisions of Item X, and we shall deal with it first. Under the will, William Ternansky is vested with

the equitable interest. The fund belongs to him "absolutely." Its immediate enjoyment, however, is withheld from him for the time being because of the trust arrangement. The legal title, as a result, vests in the trustee. If all the money in the trust has not been turned over to him by the time of his death, the equitable and legal titles merge and the money becomes a part of his estate. See In Re Nicholson's Estate, 355 Pa. 426, 50 A. (2d) 283.

Appellant's claim of uncertainty in the manner of performance, since no instructions are given the trustee as regards investment of trust funds and disposition of income, if any, cannot be sustained because such matters, where the trust gives no direction with respect to them, are controlled by principles of equity. (65 C. J. 795.) Under these principles, if the corpus of the trust is not transferred to the beneficiary within a reasonable time, it becomes the duty of the trustee to invest it in a manner approved by §2109.37 R. C. Moreover, there can be no problem with respect to income, if there be such, for the reason that the entire trust res belongs to William Ternansky and it, therefore, without question becomes a part of the corpus.

In 40 O. Jur. 332, Section 126, it is stated in part:

"Some of the powers and duties of the trustee are derived from, and determined by, the instrument creating the trust * * *; others are imposed upon the trustee by implication in the court of equity * * *." "The trust instrument may be little more than an instrument of transfer, passing the title of the property to the trustee with a declaration of the trust purpose. In the latter instance, practically all the powers and duties which the trustee may exercise or be required to assume are those imposed upon him by the court in equity or by the general statute." (Emphasis added.)

See Homer v. Wullenweber, 89 Oh Ap 255, 259, 101 N. E. (2d) 229, 232; Linder v. Officer, 175 Tenn. 402, 135 S. W. (2d) 445, 447; Scott on Trusts, Volume 2, pages 1192 to 1478; Restatement of the Law—Trusts, Chapter 7, 169 to 196.

Appellant further contends that the trust is invalid for the reason that the payment or nonpayment of the corpus is left entirely to the whim of the trustee and as a result the courts are powerless to enforce any payment even in the face of bad faith since she has been expressly relieved of the duty of ever paying any of the corpus or income to the beneficiary. We do not agree with this contention. Courts are not powerless to enforce this trust. Trustees must always act in good faith and always act fairly and reasonably, and a court of equity will and can require such behaviour. Where a trustee is given uncontrolled discretion, as here, he acts much as a judicial officer and is duty bound to exercise sound discretion under the circumstances. A court of equity will not tolerate abuse of sound discretion and in a proper case will compel the exercise of discretion. In 54 Am. Jur. 234, Section 294, it is stated that:

"Questions as to the extent of a discretionary power in a trustee, whether it is absolute and unconditional or limited in some degree or by some condition, must be determined by a construction of the trust instrument or declaration with the object of determining the intent

of the trustor. Generally, such a power is limited to the extent at least that a trustee is bound to act in good faith and with due care, diligence and skill. The discretion of trustees may be likened to that of judges. It is not an arbitrary discretion and does not include the unrestrained power to do what the trustee pleases. The trustee, instead of doing merely what, in his present circumstances, he chooses to do, in deference to his interests or inclinations, is to do that which his honest, disinterested judgment approves, or ought to approve."

In an old New York case, Roosevelt v. Roosevelt, 6 Hun Reports, 31, part of the syllabus reads:

"Held, further, that whether or not any advance should be made and its amount was left entirely to the discretion of the trustees, and with this discretion the court could not interfere so long as the trustees acted in good faith."

In Bacon v. Bacon, 55 Vermont, 243, the Supreme Court of Vermont said in paragraphs one and two of the syllabus:

"1. It is an express trust for the benefit of the orator, on condition that he proves himself worthy to have it executed in his favor, of which worthiness the trustee is made the judge.

"2. But he is not the sole arbiter. His motives may be inquired into. The trustee cannot exercise his discretion and judgment from fraudulent, selfish, or other improper motives; nor can he refuse to exercise them from such motives; but he must act bona fide, with a simple view to carry out the intention of the testator; and the court will control his judgment and discretion to the extent of compelling an honest exercise thereof."

We are of the opinion, therefore, that the language incorporated in Item X of this will creates a discretionary trust in which the trustee is given the absolute power to pay over "the whole or any part of the corpus" as she may "deem advisable" and that the trust is valid even though it invests the trustee with uncontrolled discretion in carrying out its purpose. 40 O. Jur. 511, Section 218, reads as follows:

"Where the trustee is given by the settlor an uncontrolled discretion to pay over to, or to apply to, the cestui que trust amounts of income or principal, as he, the trustee, may determine upon, a discretionary trust is created which differs from both the spendthrift trust and the trust for support."

Trusts of this character have been approved by the courts in Ohio and other states of the United States. Morris v. Daiker, 35 Oh Ap 394, 172 N. E. 540; Moskowitz v. Federman, 72 Oh Ap 149, 51 N. E. (2d) 48; In re Nicholson's Estate, 355 Pa. 426, 50 A. (2d) 283; Calloway v. Smith, 186 S. W. (2d) 64; Newton v. Sheppard, 22 N. E. (2d) 618.

Appellant's claim that the trust violates the rule against perpetuities is without merit under the facts of this case.

In accordance with the above, we hold that the order of the probate judge overruling the exceptions to the final and distributive account and ordering said account approved in the Estate of Rose Ternansky was correct and herewith affirm the same.

Judgment affirmed. Exceptions. Order see Journal.

SKEEL, PJ, HURD, J, concur.