JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Patrick J. Diemert ("Patrick") appeals the Probate Court's judgment finding that defendant-appellee Joseph W. Diemert, Jr. ("Joseph"), Trustee of the Joseph W. Diemert, Sr. Trust ("the Family Trust"), provided a full and complete accounting of the Family Trust and the Patrick J. Diemert Trust. He also contends it was error to fail to remove Joseph as trustee or award sanctions. Finding no merit to the appeal, we affirm.
 {¶ 2} Joseph W. Diemert Sr. executed a Trust Agreement for the benefit of his wife and six children in April 1996, shortly before his death. His estate was probated and its assets distributed to the Family Trust. After the death of Joseph Sr.'s wife, Evelyn, in December 1996, the trust estate was divided equally among the couple's six children, and each share, except for Patrick's, was distributed outright.
 {¶ 3} The language of the Family Trust created a separate trust for Patrick. According to the terms of the Family Trust, the assets of this separate trust were to be distributed to Patrick only under certain conditions.
 {¶ 4} In August 2000, Patrick filed a complaint for declaratory judgment and for an accounting, seeking a distribution of his trust interest and/or a complete accounting of the trust assets from its inception. Joseph filed an answer and counterclaim seeking the return of $15,000, which the previous trustee had distributed to Patrick. The counterclaim alleged that Patrick was not entitled to this income.
 {¶ 5} In August 2000, Joseph moved for summary judgment arguing that Patrick had not met the conditions set forth in the trust and, therefore, he was not entitled to an accounting or income.[1] Patrick also moved for summary judgment arguing that he was entitled to an accounting because he received income from the Family Trust indirectly. In January 2001, the trial court found that because the trust made Patrick's child support payments and thus satisfied a legal obligation on his behalf, he received income from the trust indirectly and was therefore entitled to "a full and complete accounting of the Patrick Diemert Trust from its inception."
 {¶ 6} In June 2001, Joseph moved for summary judgment on the counterclaim. Patrick opposed the motion and also moved for sanctions and removal of the trustee.
 {¶ 7} In July 2002, the magistrate's report found that the trustee failed to comply with the court's order to provide a full and complete accounting and also recommended that Joseph be removed as trustee.
 {¶ 8} Joseph objected to the magistrate's report. Patrick filed a reply, and the parties subsequently filed a series of additional briefs. The matter finally proceeded to a hearing in open court, where the court permitted limited additional evidence. Specifically, the court allowed Joseph to call Attorney Mark Swary to testify as an expert on inter vivos trusts and the propriety of the accounting provided to Patrick.
 {¶ 9} Swary testified that he reviewed all the trust documents and records from the date of its inception through December 2000. He further testified that the accounting provided as of December 2000 was complete and complied with all of the appropriate accounting requirements set forth in R.C. 1340.031 and in the trust. Although Swary had not reviewed the accounting beyond December 2000, he also testified that if the trust maintained a single bank account, the ledger and statements for that account would satisfy the requirements of the trust and R.C. 1340.031.
 {¶ 10} In its findings of fact and conclusions of law, the court relied on Swary's statement and found that Joseph, the trustee of both the Family and Patrick Diemert Trusts, provided an accounting of the trust from its inception. The court also found that Joseph had not breached his fiduciary duty and should not be removed as trustee. The court further denied Patrick's request for sanctions and awarded $7,000 in attorney fees to Diane Calta for her defense of the trustee between April 2000 and September 2001. Patrick appeals, raising five assignments of error.
 Complete Accounting {¶ 11} In his first assignment of error, Patrick challenges the court's finding that Joseph provided him with an adequate accounting of the trust funds from its inception. Specifically, he argues that the finding is against the manifest weight of the evidence.
 {¶ 12} This court's review is limited to a determination of whether it was error to find that Joseph provided a full and complete accounting of the trust from its inception. Whether a trustee satisfies the burden of proof necessary to support an accounting is essentially a factual determination and, as such, will not be disturbed absent an abuse of discretion. Huntington Natl. Bank v. Wolfe (1994), 99 Ohio App.3d 585,601, (whether trustee satisfied its burden of proof, "the trial court considered credibility of witnesses and the weight to be given the evidence, which is a matter with which this court will not interfere absent an abuse of discretion by the trial court"); see, also, In reHartman Trust (1949), 29 Ohio Law Abs. 67, 70-71; Rees v. Cleveland TrustCo. (1949), 53 Ohio L. Abs. 385, 401; Whitaker v. Estate of Whitaker
(1995), 105 Ohio App.3d 46, 53. Thus, our review is limited to whether there was competent, credible evidence sufficient to sustain the determination that the trustee provided an adequate accounting.Whitaker, supra.
 {¶ 13} Here, the record supports the trial court's determination that Joseph provided a full and complete accounting. As noted above, Attorney Mark Swary testified that the accounting provided was complete and complied with all of the appropriate accounting requirements set forth in R.C. 1340.031 and in the trust. He also testified that if the trust maintained a single bank account, the ledger and statements for that account would satisfy the requirements of the trust and R.C. 1340.031
from December 2000 to the present. The trustee provided ledger sheets and bank statements from the trust's account at Key Bank, the trust's only bank account since its inception on March 1, 1999. Therefore, the finding that the Trustee met at least a minimal standard of accounting for the trust is supported by competent, credible evidence and is not against the manifest weight of the evidence.
 {¶ 14} Accordingly, the first assignment of error is overruled.
 Breach of Fiduciary Duty and Removal of Trustee {¶ 15} In his second assignment of error, Patrick argues that the trial court erred in finding that Joseph did not breach his fiduciary duty. In his third assignment of error, Patrick argues the trial court erred in failing to remove Joseph as trustee of both trusts. Patrick claims that Joseph breached his fiduciary duty and should have been removed as trustee for failing to provide an adequate accounting of the trust funds and for filing frivolous motions to generate attorney fees to be paid from the trust corpus. In Manchester v. Cleveland Trust Co.
(App. 1960), 84 Ohio Law Abs. 321, the court held the burden of proof is upon the party seeking to remove a trustee to show a basis for removal by clear and convincing evidence.
 {¶ 16} In another case involving an inter vivos trust, In re Estateof Bost (1983), 10 Ohio App.3d 147, 149, the court declared:
"`The removal of a trustee by a court in the exercise of its equitablejurisdiction from duties imposed upon him at the direction of thesettlors, his selection for the office being as directed by thesettlors, is a drastic action, and such action should be taken only whereintervention is necessary to protect the trust's assets.
 "`The court is less ready to remove a trustee who was named by thesettlor than it is to remove a trustee appointed by the court or by athird person in the exercise of a power to appoint trustees.
"`* * *
"`The removal of a trustee is a drastic action which should only betaken when the estate is actually endangered and intervention isnecessary to save trust property.'" (Citation omitted.)
 {¶ 17} In the instant case, Patrick failed to establish by clear and convincing evidence, any breach of fiduciary duty or grounds for removal of the trustee. As previously noted, there was competent credible evidence to support the trial court's finding that Joseph provided a complete accounting of the trust. Therefore, there was competent, credible evidence that he maintained adequate records of all transactions involving the trust.
 {¶ 18} Further, Joseph's failure to prevail on the counterclaim seeking return of the $15,000 paid to Patrick by the prior trustee, does not necessarily indicate that the counterclaim was frivolous. Under the terms of the Patrick Diemert Trust, the trustee was to make distributions to Patrick only "if he is leading a stable life, and current in child support payments." It is undisputed that Patrick was more than $50,000 in arrears at the time the prior trustee made the disbursement to Patrick. Therefore, Joseph had a valid basis within the terms of the trust to seek repayment and such a claim, albeit ultimately unsuccessful, was not frivolous.
 {¶ 19} Similarly, the motion for summary judgment in which Joseph sought sanctions against Patrick and argued that Patrick was not entitled to an accounting because he was not entitled to income under the trust, is similarly valid even though it was unsuccessful. Again, the terms of the trust specifically provided that Patrick was only entitled to income if, inter alia, he was current in child support payments. Because he was not current in his child support obligation, he was not entitled to receive income from the trust. Although the trial court ultimately found that Patrick was entitled to an accounting because he received trust income indirectly in the form of child support payments paid on his behalf, the argument was not frivolous.
 {¶ 20} Accordingly, the second and third assignments of error are overruled.
 Sanctions {¶ 21} In his fourth assignment of error, Patrick argues that the trial court erred in failing to award him sanctions under Civil Rule 11 and/or Civil Rule 37(B). He maintains that sanctions should have been ordered against Joseph for failing to comply with the trial court's order to provide a full and complete accounting of the trust since its inception. He also claims that sanctions should have been awarded to punish Joseph for filing frivolous motions.
 {¶ 22} As previously noted, there was competent credible evidence to support the trial court's finding that Joseph provided a full and complete accounting and, therefore, did not violate the trial court's order. Although some of Joseph's motions and the counterclaim were ultimately unsuccessful, there is nothing to indicate they were frivolous or warranted sanctions. Accordingly, the fourth assignment of error is overruled.
 Attorney Fees {¶ 23} In his fifth assignment of error, Patrick claims the trial court erred in awarding attorney fees to Diane Calta, who defended Joseph in this litigation and is employed at his law firm.
 {¶ 24} Ohio courts allow reasonable attorney fees when the services of an attorney have been used in the course of administering a trust estate. See R.C. 2113.36; In re Estate of Ziechmann (1989),63 Ohio App.3d 717, 719. The court's decision to award attorney fees will not be disturbed absent an abuse of discretion. Motorists Mut. Ins. Co.v. Brandenburg (1995), 72 Ohio St.3d 157, 160.
 {¶ 25} In the instant case, Patrick filed the complaint seeking disbursement of his interest under the trust and/or a complete accounting of the trust funds. Article XI(B)(18) of the trust gave the trustee authority "to make such expenditures and do such other acts as are reasonably required to manage, improve, protect, preserve, invest or sell any of the Trust Estate or Estates or otherwise properly to administer this Trust." Additionally, Article XI(B)(9) gave the trustee authority to employ attorneys and to pay their reasonable fees and expenses. Thus, the trustee was within his authority to retain an attorney to defend the trust and ensure that it was properly administered.
 {¶ 26} Patrick also filed a motion alleging that Joseph breached his fiduciary duty to the beneficiaries of the trust. Ohio courts specifically allow a trustee to recover attorney fees from the trust after the trustee successfully defends allegations of a breach of fiduciary duty. Goff v. Key Trust Co., Cuyahoga App. No. 71636, 1997 Ohio App. LEXIS 5670 76 (citing American Jurisprudence 2d (1992, Supp. 1997), Trusts, Section 737, or after an action to remove the trustee. Bogert, The Law of Trusts and Trustees (2nd Ed. Rev. 1993), 46-47, section 525; 91 Ohio Jurisprudence 3d (1989, Supp. 1997), Trusts, Section 449). Therefore, under these circumstances we cannot say the trial court abused its discretion in awarding $7,000 in attorney fees incurred between April 2000 and September 2001.
 {¶ 27} Accordingly, the fifth assignment of error is overruled.
 {¶ 28} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Probate Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anne L. Kilbane, P.J. and Ann Dyke, J. Concur.
[1] The Trust provided that the Trustee would make distributions of net income or principal to Patrick Diemert "if he is leading a stable life, and current in child support payments." It is undisputed that Patrick was not current in child support payments and at the time he filed the complaint, he was $50,000 in arrears.