[Cite as *In re Trust of Tary v. Seiple*, 2022-Ohio-3773.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re Trust of Linda L. Tary

Court of Appeals No. L-21-1256

Tricia Risdon

Trial Court No. 2019ADV000548

      Appellee

v.

Sandra L. Seiple, Trustee, etc.

**DECISION AND JUDGMENT**

      Appellant

Decided: October 21, 2022

* * * * *

John P. Lewandowski and Channa Beard, for appellee.

Matthew J. Rohrbacher, J. Mark Trimble, Russell R. Miller,
and Stephen E. House, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Sandra L. Seiple, appeals the judgment of the Lucas County

Court of Common Pleas, Probate Division, granting appellee's, Tricia Risdon, motion to

remove Seiple as trustee of the Third Amended and Restated Trust Agreement of Linda L. Tary ("Linda Tary Trust"). For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} Seiple and Risdon are sisters, and are the only children of their mother, Linda Tary, and father, Orville Tary. Linda died on December 12, 2018, and was survived by Orville. Approximately one month prior to her death, Linda amended her trust, and named Seiple as her successor trustee, replacing prior language that named the sisters as co-successor trustees.

{¶ 3} The Linda Tary Trust included, among other assets, two lake-house properties located in Michigan ("Michigan properties"), and farmland located in Fulton County, Ohio. The trust was established to provide a benefit to Linda and Orville, and upon the passing of the last of them, to Seiple and Risdon as co-equal residual beneficiaries.

{¶ 4} After Linda's death, Risdon attempted to obtain information about the estate and trust administration from Seiple. On February 22, 2019, Risdon's counsel wrote to Seiple's counsel requesting a copy of Linda's will and trust documents, and a general accounting of Linda's estate and trust assets. Seiple refused to provide the information. Thereafter, on March 19, 2019, Risdon initiated the present action in the probate court, seeking to compel Seiple to produce the trust documents and to provide an accounting. On May 5, 2019, Risdon moved to compel the production of the trust documents.

**{¶ 5}** On June 5, 2019, Seiple filed her answer to Risdon's complaint, and included two counterclaims, one of which sought to disinherit Risdon pursuant to the In Terrorem Clause of the Linda Tary Trust. Seiple alleged that Risdon and her husband were harassing Orville about the trust and its assets, causing him stress that exacerbated his medical issues. Seiple also alleged that Risdon's husband had been verbally and physically threatening to members of the family. In support of her counterclaims, Seiple attached copies of ex parte civil protection orders against Risdon and her husband that she obtained on behalf of Orville as his power of attorney.

**{¶ 6}** On July 22, 2019, Risdon moved to compel discovery of the trust documents in light of the fact that Seiple had not responded to Risdon's discovery requests and had not responded to Risdon's motion to compel. Simultaneously, Risdon filed the present motion to remove Seiple as trustee of the Linda Tary Trust.[1]

**{¶ 7}** In the motion to remove Seiple as trustee, Risdon argued that Seiple should be removed because Seiple (1) breached her duties as trustee by failing to provide a copy of the trust agreement and an accounting; (2) exhibited an extraordinary pattern of dishonesty by filing false reports with adult protective services and police departments and by seeking sham ex parte protective orders against Risdon on behalf of Orville; (3) has a conflict of interest; (4) has a hostile and incurable communication breakdown with

---

[1] Risdon filed a third motion for partial summary judgment on Seiple's counterclaim to disinherit Risdon pursuant to the In Terrorem Clause in the Linda Tary Trust. Ultimately, the probate court ruled against Seiple on her counterclaim to disinherit Risdon. That portion of the litigation is not before us on appeal.

3.

Risdon; and (5) has exploited Orville. In support of her motion, Risdon provided her own affidavit, in which she provided more detail regarding her allegations.

{¶ 8} On September 25, 2020, Risdon filed a supplemental brief in support of her motion to remove Seiple as trustee. In the supplemental brief, Risdon revealed that Seiple finally provided a trust accounting on July 27, 2020. As a result of the accounting, Risdon learned that Seiple transferred the two Michigan properties from the Linda Tary Trust to Orville, and then into a newly created Orville Tary Trust dated May 6, 2019. The properties were transferred for no consideration. The Orville Tary Trust identifies Seiple as the residual beneficiary, and excludes Risdon as a beneficiary. Risdon noted that the property transfers and Orville Tary Trust documents were prepared by Seiple's attorney, Brenda Ray. Risdon also stated that Orville called her on the day that he was to execute the documents, asking Risdon to be present because he was supposed to be signing something but did not know what it was. Risdon was unable to drive to her father on such short notice, but did contact her attorney, who contacted Brenda Ray.

{¶ 9} In addition, Risdon's supplemental brief also alleged that Seiple failed to sell and disburse the Fulton County farmland under the terms of the Linda Tary Trust, and has done nothing with the property other than to collect a $49,000 management fee.

{¶ 10} On October 9, 2020, Seiple filed her opposition to Risdon's motion to remove her as the trustee. Seiple generally argued that she had broad discretion as trustee under the terms of the trust. Regarding Risdon's specific claims, Seiple argued that her

4.

alleged failure to respond to Risdon's demands for the trust documents, and her delayed provision of the trust agreement were reasonable under the circumstances and did not constitute a serious breach of the trust agreement. As to the transfer of the Michigan properties, Seiple argued that the transfer was done for legitimate Medicaid planning purposes for Orville, who is the current beneficiary of the Linda Tary Trust. Seiple next argued that the failure to distribute the interest in the Fulton County farmland was complicated by the fact that the farmland is owned by the Miller Family Limited Partnership, which has as a managing partner a separate family corporate entity, Linda Tary Limited. Pursuant to the operating agreement of Linda Tary Limited, Seiple is the manager of Linda Tary Limited, and as such was entitled to reasonable compensation for services rendered. Finally, Seiple argued that Risdon's remaining contentions largely involved intra-family squabbles that—while unfortunate—had no bearing on Seiple's performance as trustee of the Linda Tary Trust.

{¶ 11} Subsequently, on March 5, 2021, Risdon filed a second supplemental brief in support of her motion to remove Seiple as trustee. In the second supplemental brief, Risdon alleged that Seiple had effectively cut off all contact between Risdon and Orville by hiding or turning off Orville's phone, by not responding to Risdon's inquiries into where Orville was located, and by instructing medical providers and his former assisted living residency staff not to provide any information to Risdon. Risdon stated that until recently, she had talked with her father every day, and now she does not even know his

5.

whereabouts, and just wants to make sure that her father is safe. Risdon argued that Seiple's actions further demonstrated why she should not be trusted in a fiduciary position.

{¶ 12} Seiple responded to Risdon's second supplemental brief, and reiterated her argument that unfounded intra-family disputes do not demonstrate that she has breached the terms of the Linda Tary Trust or that she is incapable of administering the trust assets.

{¶ 13} Eventually, on October 27, 2021—following a delay due to Covid-19—the probate court held a hearing on Risdon's motion to remove Seiple as trustee. At the hearing, the parties did not present any new evidence and were content to rely upon the evidence produced in the extensive briefing on the motion. The parties did, however, make oral arguments regarding their respective positions.

{¶ 14} Following the hearing, on November 19, 2021, the probate court entered its judgment removing Seiple as trustee of the Linda Tary Trust. The trial court found by clear and convincing evidence that four issues combined to warrant Seiple's removal.

{¶ 15} The first and second issues were that Seiple did not timely produce the trust documents that were originally requested in February 2019, and did not timely provide an accounting. The court found that while Seiple relied on Article IV, Section 17 of the trust to permit her not to disclose the trust documents, the failure to provide the documents was not in accordance with Ohio law as required by Article IX of the trust. Further, the trial court was not persuaded by Seiple's argument that the request for documents was

6.

difficult to comply with because it was made so close to Linda's death and because the documents it sought were voluminous. The court noted that by early May 2019, Seiple was actively administering the trust as evidenced by the transfer of the Michigan properties. However, the trust documents were not produced until September 2019, and an accounting was not provided until July 27, 2020.

{¶ 16} The third issue was Seiple's failure to distribute the Fulton County farmland as mandated by the trust agreement. The probate court noted that Seiple stated that she listed the property for sale in September 2019. However, the court found that the pertinent fact was that the property has not been transferred in the over two and one-half years since Linda's death, and Article V(7) of the trust prohibits the withholding of distributions.

{¶ 17} Lastly, the fourth issue, which the probate court found was "perhaps the most troubling of the actions taken by the trustee," was the transfer of the Michigan properties. The court found that while the explanation that the transfer was done for Medicaid purposes was facially reasonable, "the true intention of this act is extremely suspect." The court noted that the properties were transferred in May 2019 directly to Orville, and then moments later into a newly created irrevocable trust for his own benefit. The newly created trust named Seiple as the sole residual beneficiary, to the exclusion of Risdon. The court found that Seiple knew the effect of these transfers because Seiple's own attorney, Brenda Ray, prepared, witnessed, and recorded both the quit claim deeds

7.

and the newly created Orville Tary Trust, after she had already entered her appearance as Seiple's attorney in the present litigation. Thus, Brenda Ray was representing Seiple, as trustee of the Linda Tary Trust, at the same time that she was representing Orville Tary. In addition, although the Linda Tary Trust provides Seiple with the authority to sell trust property for "cash or credit," in this case Seiple gave the property away for no consideration. Even if it was conceded that Seiple had the authority to gift trust property to the primary beneficiary for no consideration, the court found that Seiple could not do so in a manner that violated the terms of the trust. The court found that had the newly created Orville Tary Trust named Risdon as a co-residual beneficiary, then the transfer of the Michigan properties would not have been an issue. Because that was not the case, however, the court summarized:

> As trustee of the Linda Tary Trust, Seiple had a duty to all potential beneficiaries, including Risdon. Through her previous attorney, she violated that duty for her own benefit. Becoming the sole residual beneficiary of the Michigan property had no positive impact on her father's Medicaid planning; it only excluded her sister - in contravention of her mother's intentions.

{¶ 18} In light of those four issues—and expressly not because of the acrimony between the parties—the trial court found that removal of Seiple as the trustee was warranted.

8.

## II. Assignment of Error

{¶ 19} Seiple has timely appealed the judgment of the probate court, and now asserts one assignment of error for our review:

> 1. The trial court abused its discretion by granting the motion of Plaintiff/Appellee, Tricia Risdon, to remove Defendant/Appellant, Sandra L. Seiple, as Trustee of the subject "Third Amended and Restated Trust Agreement of Linda L. Tary."

## III. Analysis

{¶ 20} Removal of a trustee is governed by R.C. 5807.06, which provides,

> (A) The settlor, a cotrustee, or a beneficiary may request the court to remove a trustee, or the court may remove a trustee on its own initiative.

> (B) The court may remove a trustee for any of the following reasons:

> (1) The trustee has committed a serious breach of trust;

> (2) Lack of cooperation among cotrustees substantially impairs the administration of the trust;

> (3) Because of unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court best determines that removal of the trustee serves the interests of the beneficiaries.

"The removal of a trustee is generally considered a drastic action and the party seeking to remove a trustee must show a basis for removal by clear and convincing evidence."

*Tomazic v. Rapoport*, 2012-Ohio-4402, 977 N.E.2d 1068, ¶ 33 (8th Dist.), citing *Diemert v. Diemert*, 8th Dist. Cuyahoga No. 82597, 2003-Ohio-6496, ¶ 15-16.

{¶ 21} "In general, it is well-settled that a probate court's decision regarding the removal of a trustee is reviewed for an abuse of discretion." *Delp v. Delp*, 2017-Ohio-7774, 97 N.E.3d 1174, ¶ 21 (6th Dist.), citing *Ulinski v. Byers*, 9th Dist. Summit No. 27267, 2015-Ohio-282, ¶ 14. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991). An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 22} Although not explicitly stated by the probate court, the court's judgment entry clearly indicates that it found that Seiple's conduct constituted a serious breach of trust under R.C. 5807.06(B)(1), in that it found that Seiple, for her own benefit, breached a duty to the residual beneficiary Risdon. In *Kidd v. Alfano*, 2016-Ohio-7519, 64 N.E.3d 1052, ¶ 37 (2d Dist.), the Second District recognized that the "serious breach of trust" reason for removal of a trustee is the same under R.C. 5807.06 as it is under the Uniform Trust Code § 706. Under the Uniform Trust Code,

> [N]ot every breach of trust justifies removal of the trustee. The breach must be "serious." A serious breach of trust may consist of a single act that

causes significant harm or involves flagrant misconduct. A serious breach of trust may also consist of a series of smaller breaches, none of which individually justify removal when considered alone, but which do so when considered together. A particularly appropriate circumstance justifying removal of the trustee is a serious breach of the trustee's duty to keep the beneficiaries reasonably informed of the administration of the trust or to comply with a beneficiary's request for information as required by Section 813. Failure to comply with this duty may make it impossible for the beneficiaries to protect their interests. It may also mask more serious violations by the trustee.

*Kidd* at ¶ 37, quoting the Official Comment to Unif.Trust Code § 706. Upon review, we hold that the probate court's determination that Seiple committed a serious breach of trust was not arbitrary, unreasonable, or unconscionable.

{¶ 23} The record shows that Seiple refused to provide a copy of the trust documents and an accounting to Risdon, necessitating the initiation of these proceedings. R.C. 5808.13(A) provides that "A trustee shall keep the current beneficiaries of the trust reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests. Unless unreasonable under the circumstances, a trustee shall promptly respond to a beneficiary's request for information related to the administration of the trust." Further, R.C. 5808.13(B)(1) states, "A trustee

11.

shall do all of the following: (1) Upon the request of a beneficiary, promptly furnish to the beneficiary a copy of the trust instrument."

{¶ 24} On appeal, Seiple argues that her delayed provision of the documents was reasonable under the circumstances because of the proximity to Linda's death and because of the voluminous nature of the request. Additionally, Seiple argues that once the litigation began, the disclosure of documents was governed by the discovery process, and her discovery responses were timely. Seiple also argues that her duty to provide the documents was narrowed by Article IV, Section 17 of the Linda Tary Trust, which waived the trustee's obligation to notify the beneficiaries to the fullest extent permitted by law.

{¶ 25} Ultimately, we need not decide whether Seiple reasonably provided the documents as required under R.C. 5808.13 because the delay, whether reasonable or not, masked the truly serious breach of trust involving the transfer of the Michigan properties. During the months between when Risdon requested the trust documents and Seiple provided them in the litigation, Seiple caused the Michigan properties to be transferred from the Linda Tary Trust to Orville for no consideration, thereby diminishing the assets of the trust significantly. Orville then transferred the properties into his own newly created trust. We will assume, for purposes of this decision, that the transfer to Orville and then into Orville's trust constituted a legitimate strategy to protect the Michigan properties as part of his Medicaid planning. The trial court recognized that had Orville's

12.

trust named both Seiple and Risdon as co-residual beneficiaries, then the transfer of the Michigan properties would not have been an issue. However, because Orville's trust only named Seiple as a residual beneficiary, and excluded Risdon, the net effect of the transfer was that Seiple, to her own benefit, extinguished any interest that Risdon had in the Michigan properties, contrary to the wishes of their mother as expressed in the terms of the Linda Tary Trust.

{¶ 26} Seiple now argues that the trial court erred when it determined that "[t]here is no doubt that Seiple knew the effect of these transfers and that they would violate the terms of the Linda Tary Trust, which required an equal residual distribution between the sisters." In making this argument, Seiple effectively suggests that she bears no responsibility for Orville's decision to name her and not Risdon as a residual beneficiary of his trust. We find that this argument strains all credulity. The record reveals that Seiple has power of attorney and controls all of Orville's finances. The real estate transfers and all of Orville's estate planning documents were done by Seiple's attorney, Brenda Ray. Orville expressed confusion and concern to Risdon regarding the fact that Seiple wanted him to sign some documents, but he did not know what they were. Finally, there is clearly discord and a fractured relationship between Seiple and Risdon. From all of this, we find that it was entirely reasonable for the probate court to conclude that Seiple knew the effects of her actions when she directed the transfer of the Michigan

13.

properties from the Linda Tary Trust ultimately into Orville's trust, thereby benefitting herself to the exclusion of Risdon.

{¶ 27} In sum, the probate court found that Seiple breached her duty to all potential beneficiaries of the Linda Tary Trust, specifically Risdon as a residual beneficiary. The court further found that Seiple personally benefitted from this breach by excluding Risdon from sharing with her in any interest in the Michigan properties, in contravention of Linda Tary's wishes. The court concluded that this conduct, combined with Seiple's actions to delay providing a copy of the trust agreement and an accounting, and combined with Seiple's failure to distribute the Fulton County farmland, constituted sufficient reason to remove Seiple as trustee. We find that the trial court's decision was not arbitrary, unreasonable, or unconscionable. Indeed, we think that Seiple's conduct in transferring the Michigan properties constituted a serious breach of trust by itself. Therefore, we hold that the trial court did not abuse its discretion in granting Risdon's motion to remove Seiple as trustee of the Linda Tary Trust.

{¶ 28} Accordingly, Seiple's assignment of error is not well-taken.

### IV. Conclusion

{¶ 29} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas,

Probate Division, is affirmed. Seiple is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Gene A. Zmuda, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.